JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Savalas Crosby, appeals his conviction and the sentence issued by the Court of Common Pleas, Criminal Division. Upon our review of the arguments of the parties and the record presented, we affirm the judgment of the trial court for the reasons set forth below.
 {¶ 2} Savalas Crosby ("Crosby") was indicted for aggravated murder, with a firearm specification, and for having weapons while under disability as a result of the shooting death of Andre Reed on November 8, 2001. A jury trial was commenced on July 8, 2002; at Crosby's request, count two was tried to the court. After deliberations, the jury returned a verdict of guilty as to the lesser included offense of murder, with the firearm specification. The trial court also found Crosby guilty as to count two, having a weapon under disability, and he was subsequently sentenced to fifteen years to life in prison.
 {¶ 3} Andre Reed, the victim, was the landowner at 14515-14517 Shaw Avenue, a two-family residence. As of November 8, 2001, the previous tenant at 14515 Shaw had vacated the premises because she had failed to pay rent for some time and eviction proceedings had commenced. When Reed arrived at the house with his two teen-aged sons and one of their friends to perform some maintenance tasks, he found a group of young men from the neighborhood, including the prior tenant's son, Othello Calloway, "hanging out" in the home. An altercation began and Reed and the boys were eventually shoved out into the back yard. There, witnesses testified, Crosby stood waiting with a rifle. When Reed and the boys began to run, Crosby shot Reed four times. He suffered a catastrophic chest wound and died at the hospital a short time later.
 {¶ 4} At the trial, the State presented three eyewitnesses, all who stated Crosby was the individual who shot Reed. The State also called Andre Mims, a friend and compatriot of Crosby, who had given a statement to the East Cleveland Police identifying Crosby as the shooter. In addition, the investigating detectives as well as a representative of the coroner's office testified for the State. Crosby testified on his own behalf, and numerous alibi witnesses were offered in his defense.
 {¶ 5} Appellant presents three assignments of error for our review.
"I. Defendant Savalas Crosby was denied the effective assistance of counsel in the case at bar and thus the appellant was not afforded his constitutional rights to counsel pursuant to the Sixth Amendment and to due process and a fair trial pursuant to the Fifth and Fourteenth Amendments of the Unites States Constitution."
 {¶ 6} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Stricklandv. Washington (1984), 466 U.S. 668, State v. Brooks (1986),25 Ohio St.3d 144; State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 7} In reviewing a claim of ineffective assistance of counsel, itmust be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith (1985),17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
 {¶ 8} "Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. `An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison (1981), 449 U.S. 361,364-365.' Strickland, supra, at 691. To warrant reversal, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *. `Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.'" State v. Bradley,
supra, at 141, 142.
 {¶ 9} In the instant case, appellant argues that he was afforded ineffective assistance of counsel because defense counsel failed to file any motions related to the identification of appellant by the State's witnesses and because defense counsel failed to file a motion in limine regarding testimony that the appellant had gang affiliations. We find neither of these arguments convincing and overrule appellant's first assignment of error.
 {¶ 10} When a witness has been confronted with a suspect before trial, due process requires a court to suppress an identification of the suspect if the confrontation was unnecessarily suggestive of the suspect's guilt and the identification was unreliable under all the circumstances. State v. Waddy (1992), 63 Ohio St.3d 424, 438, citingManson v. Brathwaite (1977), 432 U.S. 98, and Neil v. Biggers (1972),409 U.S. 188, 196-198. However, no due process violation will be found where an identification does not stem from an impermissibly suggestive confrontation, but is instead the result of observations at the time of the crime. Coleman v. Alabama (1970), 399 U.S. 1, 5-6.
 {¶ 11} The United States Supreme Court in Manson v. Brathwaite andNeil v. Biggers, supra, developed a two-step process in determining the reliability of the eyewitness identification process. This two-step process initially requires that the appellant prove that the identification procedure used was unnecessarily and impermissibly suggestive. The Supreme Court held that the trial court must then balance the suggestiveness of the identification procedure against the following factors: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation." State v.Sanders (June 15, 1989), Cuyahoga App. 55524 at ¶ 7.
 {¶ 12} Accordingly, we find no error in defense counsel's failure to file a motion to suppress the witness identifications of appellant. Three witnesses testified as to the identity of the killer in this case, including the victim's teen-aged sons who were present when their father was gunned down. Defense counsel had ample opportunity to cross-examine these witnesses at trial. At least one of the boys stated he was familiar with the defendant from the neighborhood and knew him as "Banky," the defendant's "street name." They were able to identify the defendant as such when presented with his picture in addition to describing his general appearance on the night in question. Two of the boys testified that they had seen the defendant in the neighborhood prior to the night of the murder. While the witnesses testified that the investigating detectives indeed produced a "loose" photo of the appellant for their review, as well as including his photo in the police "mug book" the boys were asked to look through, a review of the record does not produce any evidence that the identification was impermissibly suggestive.
 {¶ 13} Further, appellant argues that defense counsel should have filed a motion in limine regarding evidence admitted as to his gang connections. The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Bey (1999), 85 Ohio St.3d 487,489-490. There has been no showing that the trial court abused that discretion by allowing questions from either the prosecution or the defense going to gang involvement of the defendant and several other witnesses. Indeed, a friend of the defendant testified that not only was the defendant an active gang member, but that he was indeed the gunman in the murder in question. This witness appeared to be wholly uncooperative with either the prosecution or the defense and was thoroughly and aggressively cross-examined by all trial counsel.
 {¶ 14} We agree with the State that the appellant has not met the high burden of demonstrating that his counsel was ineffective; nor has he demonstrated how the outcome of the trial would have been different but for counsel's alleged errors. Therefore, appellant's first assignment of error is overruled.
"II. Defendant Savalas Crosby was entitled to a new trial because the verdict was against the manifest weight of the evidence."
 {¶ 15} Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. Cleveland (1948), 150 Ohio St. 303,345.
 {¶ 16} The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard to be used when considering a claim based upon the sufficiency of the evidence. The United States Supreme Court recognized these distinctions in Tibbs v.Florida (1982), 457 U.S. 31, where the court held that, unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43.
 {¶ 17} Upon application of the standards enunciated in Tibbs, the court in State v. Martin (1983), 20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 18} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
 {¶ 19} Here, there is no question that a jury could, and did, reasonably conclude that all the elements of the lesser included offense of murder had been proved beyond a reasonable doubt. Upon a review of the record presented, we find no evidence that this jury lost its way or that the evidence weighs heavily against the conviction. Four eyewitnesses testified that the appellant was the gunman on the night in question, including a co-gang member. While appellant provided numerous alibi witnesses, it is for the trier of fact to weigh the testimony and determine which witnesses are credible. The knowledge a jury or trial court gains through observing the witnesses and the parties in any proceeding (i.e., observing their demeanor, gestures and voice inflections and using these observations in weighing the credibility of the proffered testimony) cannot be conveyed to a reviewing court by a printed record.In re Satterwhite (2001), Cuyahoga App. 77071, 2001-Ohio-4137, citingTrickey v. Trickey (1952), 158 Ohio St. 9, 13. Despite the production of approximately ten alibi witnesses on behalf of the appellant, it is significant to note that each of those witnesses were relatives or other loved ones of the appellant and none of them could definitively identify the appellant's whereabouts at the time of the murder. Therefore, we find that the verdict was not in contravention to the manifest weight of the evidence, and the appellant's second assignment of error is hereby overruled.
"III. Defendant Savalas Crosby was entitled to a new trial because as a matter of law the evidence was insufficient to prove his guilt beyond a reasonable doubt."
 {¶ 20} In State v. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court re-examined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 {¶ 21} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979],443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at ¶ 2 of the syllabus.
 {¶ 22} More recently, in State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court stated the following with regard to "sufficiency" as opposed to "manifest weight" of the evidence:
 {¶ 23} "With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson
(1955), 162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45, 102 [*387] S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing Jackson v. Virginia (1979),443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560." Id. at 386-387.
 {¶ 24} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case.Cohen v. Lamko (1984), 10 Ohio St.3d 167.
 {¶ 25} Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely (1988), 39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass
(1967), 10 Ohio St.2d 230.
 {¶ 26} R.C. 2903.02 states, in pertinent part: "No person shall purposely cause the death of another." Appellant asserts the state failed to prove that he caused the death of Andre Reed because they failed to produce any physical evidence, i.e. the murder weapon, which conclusively linked the appellant to the shooting. Again, the standard in reviewing a sufficiency claim is whether the evidence presented, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. If any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt, then the conviction must stand
 {¶ 27} We find that there existed sufficient evidence to support the appellant's conviction in this case. As discussed above, we do not find the identification of the appellant by the eyewitnesses to be tainted, as appellant alleges, and a reasonable jury could have relied on the testimony of the eyewitnesses to reach a verdict of guilty to the charge of murder. Thus, the appellant's third assignment of error is overruled.
 {¶ 28} The judgment is affirmed.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Diane Karpinski and Sean C. Gallagher, JJ., concur.