JOURNAL ENTRY AND OPINION
{¶ 1} Savalas Crosby has filed an application for reopening pursuant to App.R. 26(B). Crosby is attempting to reopen the appellate judgment that was rendered by this court in State v. Crosby, Cuyahoga App. No. 81779, 2003-Ohio-7236. We decline to reopen Crosby's original appeal.
 {¶ 2} As required by App.R. 26(B)(2)(b), Crosby must establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment" which is subject to reopening. The Supreme Court of Ohio, with regard to the ninety day deadline as provided by App.R. 26(B)(2)(b), has recently established that:
We now reject Gumm's claim that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B). The rule was amended to include the 90-day deadline more than seven months before Gumm's appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. Consistent enforcement ofthe rule's deadline by the appellate courts in Ohio protects on the onehand the state's legitimate interest in the finality of its judgments andensures on the other hand that any claims of ineffective assistance ofappellate counsel are promptly examined and resolved.
 Ohio and other states "may erect reasonable procedural requirements fortriggering the right to an adjudication," Logan v. Zimmerman Brush Co.(1982), 455 U.S. 422, 437, 102 S.Ct 1148, 71 L.Ed 2d 265, and that is whatOhio has done by creating a 90-day deadline for the filing ofapplications to reopen. Gumm could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * The 90-day requirement in the rule is "applicable to allappellants," State v. Winstead (1996), 74 Ohio St.3d 277, 278, 1996-Ohio-52,658 N.E.2d 722, and Gumm offers no sound reason why he — unlike so manyother Ohio criminal defendants — could not comply with that fundamentalaspect of the rule. (Emphasis added.)
State v. Gumm, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at 163.
 {¶ 3} See, also, State v. Lamar, 102 Ohio St.3d 467, 2004-Ohio-3976,812 N.E.2d 970; State v. Cooey, 73 Ohio St.3d 411, 1995-Ohio-328; Statev. Reddick, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784. Herein, Crosby is attempting to reopen the appellate judgment that was journalized on March 8, 2004. The application for reopening was not filed until August 24, 2005, more than ninety days after journalization of the appellate judgement in State v. Crosby, supra. Crosby has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995),72 Ohio St.3d 317.
 {¶ 4} Accordingly, the application for reopening is denied.
Celebrezze, Jr., P.J., concurs
Karpinski, J., concurs