JOURNAL ENTRY and OPINION
{¶ 1} Appellant state of Ohio ("state") appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we affirm the lower court.
 I. {¶ 2} According to the case and facts, defendant-appellee Donnell Malcolm ("appellee") was indicted on various counts of kidnaping, felonious assault, and aggravated burglary. All of the counts included a notice of prior conviction, R.C. 2929.13(F), and a repeat violent offender ("RVO") specification, R.C.2941.149. Prior to trial, appellee filed a motion with the lower court to dismiss the RVO specification. The state then filed a brief in opposition. The state argued that despite appellee's contention, Blakely v. Washington (2004), 542 U.S. ___,124 S.Ct. 2531 ("Blakely"), has no application to Ohio's RVO specification. The trial court ultimately dismissed the RVO specification and the state perfected the instant appeal.
 II. {¶ 3} Appellant's assignment of error states the following: "The trial court committed reversible error in its pre-trial dismissal [of] appellee's repeat, violent offender ("RVO") specification as unconstitutional under Blakely v. Washington
(2004), 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403. The holding in Blakely has no application to Ohio's RVO specification."
 {¶ 4} R.C. 2929.01(DD) defines a repeat violent offender as follows:
"`Repeat violent offender' means a person about whom both ofthe following apply: (1) The person has been convicted of * * * afelony of the first degree * * * a felony of the second degreethat involved an attempt to cause serious physical harm to aperson or that resulted in serious physical harm to a person. (2)* * * the following applies: (a) The person previously wasconvicted of or pleaded guilty to, and previously served * * * aprison term for * * * (i) * * * a felony of the first or seconddegree that resulted in the death of a person or in physical harmto a person * * *."
 {¶ 5} Under R.C. 2941.149 this determination is required to be specified in the indictment, but pursuant to R.C. 2941.149(B) is to be determined by the court. Appellant argues that the holding in Blakely has no application to Ohio's RVO specification. In Blakely, the United States Supreme Court found unconstitutional a Washington statute that allowed for extraordinary sentences based on factual findings at sentencing. The Ohio repeat violent offender law is remarkably similar to the Washington statute. The Washington law allows for upward departure based on a judicial finding of "deliberate cruelty." The Ohio law allows for upward departure based on a finding by the judge of "physical harm that carried a substantial risk of death to a person or that involved substantial permanent incapacity or substantial permanent disfigurement of a person."
 {¶ 6} The Blakely court went on to describe the proper interpretation of Apprendi v. New Jersey (2000), 530 U.S. 466, that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."
 {¶ 7} In the case sub judice, the trial court judge noted that the RVO specification increases the potential penalty in this particular instance:
"THE COURT: * * * However, in this case, the RVO specincreases the potential penalty. In essence, if I make a findingby myself without a jury, he could get up to ten extra yearsbased on what I have found alone, and not based on the jury'sverdict. Obviously, there would have to be an underlying finding of guilty but —
"MR. OEBKER: Right.
"THE COURT: I mean — well, let me put it this way. There are judges on the court of appeals who are a lot smarter than me. But I think from what I see here, that this is the kind of enhancement that Blakely addresses and I think this — the RVO spec does fall within the kind of statutory scheme invalidated byBlakely.
"Based on that, I'm going to grant the motion to dismiss the repeat violent offender specs. The defendant's motion noted or commented that we're not talking here about the notice of prior conviction, and, of course, I agree with that, so the notice of prior conviction remains, and of course, all the underlying charges remain.
"But we'll go to trial then on the indictment as charged, butdeleting or eliminating all of the repeat violent offender specs.* * *"[1]
(Emphasis added.)
 {¶ 8} This court addressed a similar issue in State v.Sims, Cuyahoga App. No. 84090, 2005-Ohio-1978, when we stated the following:
"We are compelled to consider, sua sponte, a procedural irregularity recently discussed in Blakely v. Washington,
(2004), 124 S.Ct. 2531, 159 L.Ed.2d 403, * * *. We acknowledge that the trial court in the case at bar did not have the benefit of the Blakely decision to guide it. Nonetheless, the court bifurcated the repeat violent offender specification. * * * Contrary to Blakely, therefore, the jury did not determine whether defendant was a repeat violent offender. The trial court made this determination on its own.
"And even though the trial court refrained from imposing a maximum term of incarceration, it nonetheless used the repeat violent offender specification to support its imposition of a mandatory prison term rather than probation. The specification, therefore, served as an enhancement for an offense that does not always carry a mandatory term of incarceration.
"From the foregoing analysis and after applying the decision inBlakely, we conclude that the repeat violent offender specification was improperly applied as an improper penalty enhancement for defendant's burglary conviction."
 {¶ 9} Moreover, the Ohio Criminal Sentencing Commission has written extensively on Blakely's potential impact on Ohio's sentencing law. The commission offers a defense of almost all aspects of the sentencing statute. However, the commission does acknowledge a few important exceptions. For example, the commission states that RVO specifications "arguably * * * run afoul of Blakely * * *."[2] The commission states the following in its February 16, 2005 memo, "Judicial Decision Making after Blakely and Booker":
"RVO MDO Exceptions. Here are the exceptions. Time beyond the maximum in the basic ranges may be added for those who are found to be repeat violent offenders (`RVO' under § 2941.149 §2929.14(D)(2)(a)) or major drug offenders (`MDO' under §2941.1410 § 2929.14(D)(3)(a)). In each case, the misconduct must be specified in the indictment. However, the actual findingis made by the judge rather than the jury. Arguably theseprovisions run afoul of Blakely and Booker."
(Emphasis added.)
 {¶ 10} Appellant's assignment of error in the case at bar specifically asserted that the trial court erred in its dismissal of appellee's RVO specification. Based on the evidence presented in the record, we find the trial court's actions to be proper. We find that the holding in Blakely applies to Ohio's RVO specification in this particular situation and that said specification is unconstitutional. The repeat violent offender specification and its enhanced penalty provision is implicated inBlakely, and the requirement at R.C. 2941.149(B) that the issue is determined by the court violates Blakely. The trial court hence correctly found R.C. 2941.149 unconstitutional pursuant toMason v. Griffin, 104 Ohio St.3d 279, 2004-Ohio-6384.
 {¶ 11} Accordingly, we overrule appellant's assignment of error and hereby affirm the lower court.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and McMonagle, J., Concur.
[1] See transcript, April 19, 2004, pp. 32-33.
[2] See Ohio Criminal Sentencing Commission report, dated February 16, 2005, pp. 17 and 20.