JOURNAL ENTRY AND OPINION
{¶ 1} Clifford Childs ("Childs") appeals his sentence imposed by the Cuyahoga County Common Pleas Court. Childs claims that the trial court erred when it sentenced him to consecutive terms of imprisonment without making the proper findings. For the following reasons, we vacate the imposed sentence and remand for resentencing.
 {¶ 2} A Cuyahoga County grand jury returned four indictments against Childs charging him with numerous felony offenses. On October 7, 2005, Childs entered into a plea agreement with the State of Ohio ("State") whereby he agreed to plead guilty to several offenses in exchange for the dismissal of the remaining offenses. Childs pleaded guilty to the following offenses: In case number CR-462167, he pleaded guilty to misuse of a credit card, a fifth degree felony, and forgery, a fifth degree felony. In case number CR-468750, he pleaded guilty to two counts of telecommunications fraud, both fifth degree felonies, theft, a fifth degree felony, and theft, a first degree misdemeanor. In case number CR-468918, he pleaded guilty to receiving stolen property, a fifth degree felony, and identity fraud, a fourth degree felony. In case number CR-470205, he pleaded guilty to theft, a fifth degree felony. Additionally, Childs acknowledged that by pleading guilty to the above, he admitted that he violated the community controlled sanctions imposed by the trial court in case number CR-453986.
 {¶ 3} The trial court conducted Childs' sentencing hearing on November 4, 2005. On that day, the trial court sentenced Childs as follows: In case number CR-462167, the trial court imposed an eleven-month term of incarceration for each of the two counts, sentences to run concurrent. In case number CR-468750, the trial court imposed a ten-month term of incarceration on each of the felony convictions and six months in the Cuyahoga County jail on the misdemeanor conviction, sentences to run concurrent. In case number CR-468918, the trial court imposed a ten-month term of incarceration for the fifth degree felony and a seventeen-month term of incarceration for the fourth degree felony, terms to run consecutively. In case number CR-470205, the trial court imposed a ten-month term of imprisonment. The trial court ordered the prison terms for each case number to be served concurrently.
 {¶ 4} Finally, the trial court found that Childs violated the terms and conditions of his community control and terminated the sanctions. The court then sentenced Childs to a seven-month term of incarceration to run consecutive with the sentences imposed in cases CR-462167, CR-468750, CR-468918, and CR-470205.
 {¶ 5} Childs appeals, raising a single assignment of error:
"The trial court erred by ordering appellant to serve aconsecutive sentence without making the appropriate findingsrequired by R.C. 2929.14(E)(4)."
 {¶ 6} This court addressed this identical issue in the case of State v. Harrison, Cuyahoga App. No. 86925, 2006-Ohio-4119, and held the following:
"In light of the recent decision of the Supreme Court of Ohioin State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, wevacate Harrison's entire sentence and remand the case for a newsentencing hearing. Although Harrison challenges only theimposition of consecutive sentences, we recognize that his appealwas filed pre-Foster.
 The Foster court found that judicial findings areunconstitutional and that several provisions of Senate Bill 2 areunconstitutional. Id. The court concluded that a trial court isno longer required to make findings or give its reasons forimposing maximum, consecutive, or more than the minimumsentences. Id. The
 Foster holding applies to all cases on direct review. Id.Because the trial court sentenced Harrison under unconstitutionalstatutory provisions, he must be resentenced.
 On remand, the parties may stipulate to the sentencing courtacting on the record before it. Id. The trial court shallconsider those portions of the sentencing code that areunaffected by Foster and has full discretion to impose aprison term within the statutory range. Id. The trial court isnot barred from imposing consecutive sentences. Id."
 {¶ 7} The holding of Harrison applies to the facts of this case. Though Childs appealed only the imposition of consecutive sentences, he filed his appeal prior to the Foster decision. Therefore, we adopt the rationale of Harrison and find that because the trial court sentenced Childs under unconstitutional statutory provisions, he must be resentenced.
 {¶ 8} Accordingly, we sustain Childs' single assignment of error.
Child's sentence is vacated and the matter is remanded for resentencing.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Rocco, J., concur.