JOURNAL ENTRY AND OPINION
{¶ 1} Donnell Malcolm ("Malcolm") appeals from his sentence received in the Cuyahoga County Common Pleas Court. Malcolm argues that in light of a recent Ohio Supreme Court decision, he is entitled to be resentenced under the current interpretations of Ohio's sentencing laws. We agree and hereby vacate the imposed sentence and remand for resentencing.
 {¶ 2} On February 24, 2004, a Cuyahoga County grand jury returned a ten-count indictment, charging Malcolm with kidnapping, felonious assault and aggravated burglary. Each count contained a notice of prior conviction and a repeat violent offender specification. The charges related to Malcolm's assault of his two teenaged nephews in the basement of their home in January 2004.
 {¶ 3} Malcolm filed a motion to dismiss the repeat violent offender specifications from the indictment, arguing that they were unconstitutional pursuant to the United States Supreme Court's ruling in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531. The trial court agreed and dismissed the repeat violent offender specifications. This appellate court affirmed the trial court's decision in State v. Malcolm, Cuyahoga App. No. 85351, 2005-Ohio-4133.
 {¶ 4} Upon remand to the trial court, Malcolm pleaded guilty to two counts of felonious assault and kidnapping; each charge contained a notice of prior conviction specification. Additionally, Malcolm stipulated that he was a child victim predator for purposes of the House Bill 180 hearing.
 {¶ 5} The trial court conducted a thorough sentencing hearing in which it reviewed Malcolm's prior record of convictions and the presentence investigation report, and heard from the victim's mother, the State of Ohio, defense counsel and Malcolm himself. The trial court sentenced him to eight years on each charge of felonious assault, to run consecutively, and four years on the charge of kidnapping, to run concurrent, for a total prison term of sixteen years.
 {¶ 6} Malcolm appeals, raising the two assignments of error contained in the appendix to this opinion.
 {¶ 7} In his first assignment of error, Malcolm argues that because of the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, he is entitled to a new sentencing hearing. We agree.
 {¶ 8} The Foster court held that judicial findings are unconstitutional and that several provisions of Senate Bill 2 are unconstitutional. Id. The court concluded that a trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences. Id. The Foster holding applies to all cases on direct review, which includes the present case. Because the trial court sentenced Malcolm under unconstitutional statutory provisions, he must be resentenced.
 {¶ 9} See, also, State v. Childs, Cuyahoga App. No. 87408,2006-Ohio-5016.
 {¶ 10} Accordingly, Malcolm's first assignment of error is sustained.
 {¶ 11} In his second assignment of error, Malcolm argues thatBlakely's holding mandates the imposition of a minimum sentence.
 {¶ 12} This issue is not ripe for our review because Malcolm has yet to be sentenced under Foster. State v. Anderson,
Cuyahoga App. No. 87309, 2006-Ohio-5431; State v. McKercher,
Allen App. No. 1-05-83, 2006-Ohio-1772.
 {¶ 13} Malcolm's second assignment of error is overruled.
 {¶ 14} Malcolm's sentence is vacated and the matter is remanded for resentencing.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Christine T. McMonagle, J., and Michael J. Corrigan, J., concur.