{¶ 1} Joseph Casalicchio ("Casalicchio") appeals from his sentence received in the Cuyahoga County Court of Common Pleas. Casalicchio argues that the trial court erred when it sentenced him to more than the minimum term of imprisonment. For the following reasons, we vacate Casalicchio's sentence and remand for resentencing.
 {¶ 2} On October 16, 2003, a Cuyahoga County grand jury returned an eleven-count indictment, charging Casalicchio with three counts of conspiracy to commit aggravated murder, three counts of attempted murder with firearm specifications, three counts of felonious assault with firearm specifications, one count of retaliation, and one count of intimidation. The charges arose from allegations that Casalicchio hired the Hell's Angels to kill Judge Kathleen Sutula of the Cuyahoga County Court of Common Pleas.
 {¶ 3} On March 1, 2004, the State of Ohio ("State") nolled six of the charges and the case proceeded to trial. On March 10, 2004, the jury returned a guilty verdict on the charge of intimidation and found Casalicchio not guilty of the remaining charges. On April 15, 2004, the trial court sentenced Casalicchio to five years in prison.
 {¶ 4} Casalicchio appealed to this court from his conviction and sentence. In a decision announced April 15, 2005, this court affirmed his conviction, vacated the imposed sentence, and remanded for resentencing. State v. Casalicchio, 160 Ohio App.3d. 522,2005-Ohio-1750.
 {¶ 5} Upon remand, the trial court again sentenced Casalicchio to five years in prison. Casalicchio appeals this sentence, raising the following assignment of error:
 "The trial court erroneously imposed a sentence that exceeded the minimum term of imprisonment on the basis of findings made by the trial judge pursuant to a facially unconstitutional statutory sentencing scheme."
 {¶ 6} In this assigned error, Casalicchio argues that the trial court sentenced him under an unconstitutional statutory scheme and that the severance remedy enunciated by the Ohio Supreme Court in Foster violates the ex post facto clause. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. We partially agree with this argument.
 {¶ 7} The Foster court held that judicial findings are unconstitutional and that several provisions of Senate Bill 2 are unconstitutional. Id. The court concluded that a trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences. Id. TheFoster holding applies to all cases on direct review, which includes the present case.
 {¶ 8} In response, the State argues that the Foster remedy does not apply to Casalicchio because he was sentenced two weeks before the Ohio Supreme Court released Foster. The State claims that because Casalicchio did not appeal his conviction until March 2006, his case was not pending on direct review. We disagree. Primarily, the State has not provided any authority for this proposition. Moreover, we cannot imagine that when the Ohio Supreme Court released Foster, its design was to prevent the severance remedy from applying to an individual sentenced under the unconstitutional provisions of Senate Bill 2 but who had yet to appeal.
 {¶ 9} Because the trial court sentenced Casalicchio under unconstitutional statutory provisions, he must be resentenced. State v.Childs, Cuyahoga App. No. 87408, 2006-Ohio-5016; State v. Malcolm,
Cuyahoga App. No. 87622, 2006-Ohio-6024.
 {¶ 10} Casalicchio also argues that the severance remedy established in Foster violates the ex post facto and due process clauses of the United States Constitution. This issue is not ripe for our review because Casalicchio has yet to be sentenced under Foster. State v.Anderson, Cuyahoga App. No. 87309, 2006-Ohio-4531; State v.McKercher, Allen App. No. 1-05-83, 2006-Ohio-1772; Malcolm, supra.
 {¶ 11} Casalicchio's first assignment of error is sustained in part and overruled in part. Casalicchio's sentence is vacated and the matter is remanded for resentencing.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and MELODY J. STEWART, J., CONCUR