JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Donnell Malcolm appeals the trial court's resentencing him to sixteen years in prison after a remand from this court.[1] This court remanded his case to the trial court to resentence Malcolm under the recent Ohio Supreme Court's decision in State v. Foster[2] Malcolm assigns the following errors for our review:
 "I. Under current sentencing laws and, given the facts and circumstances surrounding this case, there is clear and convincing evidence that Malcolm's sentence is excessive."
 "II. Malcolm is entitled to a presumptive minimum sentence because a greater sentence would violate the Ex Post Facto and Due Process Clauses of the United States Constitution."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On February 24, 2004, the Cuyahoga County Grand Jury returned a ten-count indictment, charging Malcolm with kidnapping, felonious assault and aggravated burglary. Each count contained a notice of prior conviction and a repeat violent offender specification.
 {¶ 4} The charges related to Malcolm's assault of his two teenaged nephews in the basement of their home in January 2004. On that date, Malcolm stabbed his two nephews. One nephew's stab wounds were almost fatal. The other nephew's injuries were less severe and he recovered quickly. *Page 3 
 {¶ 5} Malcolm filed a motion to dismiss the repeat violent offender specifications from the indictment, arguing that they were unconstitutional pursuant to the United States Supreme Court's ruling inBlakely v. Washington[3] The trial court agreed and dismissed the repeat violent offender specifications. We affirmed the trial court's decision in State v. Malcolm[4]
 {¶ 6} On November 28, 2005, upon remand to the trial court, Malcolm pleaded guilty to two counts of felonious assault and kidnapping, with notice of prior conviction specification attached. In addition, Malcolm stipulated that he was a child victim predator for purposes of the House Bill 180 hearing. On January 6, 2006, the trial court sentenced Malcolm to eight years on each charge of felonious assault, to run consecutively, and four years on the charge of kidnapping, to run concurrent, for a total prison term of sixteen years.
 {¶ 7} Malcolm appealed the sentence imposed, arguing that he was entitled to a new sentencing hearing, pursuant to the Ohio Supreme Court's decision in State v. Foster[5] We agreed, and in State v.Malcolm,[6] we remanded the case for re-sentencing. *Page 4 
 {¶ 8} On March 16, 2007, upon remand, the trial court imposed the same sentence.
 Consecutive and Maximum Sentences After State v. Foster {¶ 9} In the first assigned error, Malcolm argues the consecutive and maximum sentence the trial court imposed was excessive. Malcolm specifically contends that the sentences should have been different, because one nephew's injuries were less severe. We disagree.
 {¶ 10} In State v. Foster,[7] the Ohio Supreme Court determined that sentencing statutes which provide for judicial fact-finding violate the accused's right to a jury trial as set forth in Apprendi v. NewJersey[8] and Blakely v. Washington[9] The court severed parts of various statutes which required judicial fact-finding. As a result, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing maximum, consecutive, or more than the minimum sentences.[10]
 {¶ 11} Here, the record reveals Malcolm was resentenced afterFoster. Thus, in accordance with the Ohio Supreme Court's pronouncements in Foster, the trial *Page 5 
court was not obligated to give reasons or findings prior to imposing consecutive or maximum sentences.
 {¶ 12} Nonetheless, the record reveals that the trial court considered the statutory requirements and overriding principles of felony sentencing. At the resentencing hearing, prior to imposing sentence, the trial court stated as follows:
 "* * * We'll proceed to sentencing as follows: Pursuant to Senate Bill II, the amendments and post State v. Foster, which applies to severance of the statute, 2929.14, and 19(B)(2), rendering the required mandatory findings be made by the trial court as unconstitutional, this Court proceeds to sentencing and in exercising its discretion, must carefully consider the statutes that apply to every felony case inclusive of 2929.11 and 12 which specify the purposes of sentencing, provide guidance and considering factor related to the seriousness of the offense, the recidivism of the offender as well as safety of the community. Mr. Malcolm, I have listened to what counsel has stated in mitigation on your part. I've listened to what you, yourself, have stated to the Court this morning, as well as what the State of Ohio has placed on the record and I will proceed to sentencing as follows * * *."[11]
 {¶ 13} A review of the above excerpt, and the record as a whole, indicates that the trial court considered the overriding principles of felony sentencing. In addition, the sentence the trial court imposed was within the statutory range for the charges for instant crimes. Consequently, the trial court did not contravene the Ohio Supreme Court's pronouncements in Foster. Accordingly, we overrule the first assigned error.
 Ex Post Facto and Due Process *Page 6 {¶ 14} In the second assigned error, Malcolm acknowledgesFoster, but argues his nonminimum sentence offends principles of ex post facto and due process. We rejected this argument in State v.Mallette?[12] and incorporate that decision here.[13] Accordingly, we overrule the second assigned error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR
[1] State v. Malcolm, Cuyahoga App. No. 87622, 2006-Ohio-6024.
[2] 109 Ohio St.3d 1, 2006-Ohio-856.
[3] (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.
[4] Cuyahoga App. No. 85351, 2005-Ohio-4133.
[5] 109 Ohio St.3d 1, 2006-Ohio-856.
[6] Malcolm, supra.
[7] 109 Ohio St.3d 1, 2006-Ohio-856.
[8] (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.
[9] (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.
[10] Foster, supra.
[11] Tr. at 72-73.
[12] Cuyahoga App. No. 87984, 2007-Ohio-715.
[13] See State v. Dowell, Cuyahoga App. No. 88864, 2007-Ohio-5534;State v. Judd, Cuyahoga App. No. 89278, 2007-Ohio-6811. *Page 1