JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Joseph Casalicchio, appeals from a February 9, 2007 judgment of the Cuyahoga County Court of Common Pleas, denying his petition for postconviction relief. For the following reasons, we affirm.
 {¶ 2} After a jury trial, Casalicchio was found guilty of intimidation in March 2004. The facts set forth at trial established that Casalicchio had hired Hell's Angels to kill Judge Kathleen Sutula of the Cuyahoga County Court of Common Pleas after she had sentenced him to prison in an unrelated case. *Page 3 
 {¶ 3} In April 2004, the trial court sentenced Casalicchio to five years in prison. Casalicchio appealed his conviction and sentence. SeeState v. Casalicchio, 160 Ohio App.3d 522, 2005-Ohio-1750("Casalicchio I"). This court affirmed Casalicchio's conviction, but vacated his sentence because the trial court failed to inform him at his sentencing hearing that he could be subjected to postrelease control upon his release. Id. at_30-32. We remanded the case for resentencing. Id.
 {¶ 4} On February 14, 2006, upon remand, the trial court sentenced Casalicchio to five years in prison and informed him that he may receive postrelease control upon his release from prison. Two weeks later, the Ohio Supreme Court released its decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Casalicchio then appealed his sentence in March 2006. See State v. Casalicchio, 8th Dist. No. 87902, 2007-Ohio-161("Casalicchio II").
 {¶ 5} In Casalicchio II, Casalicchio argued that the trial court erred because it sentenced him under an unconstitutional statutory provision. Pursuant to Foster, this court agreed, vacated his sentence, and remanded for resentencing for a second time. Casalicchio II at_6-11.
 {¶ 6} On November 6, 2006, prior to this court's release ofCasalicchio II (which was on January 18, 2007), Casalicchio filed a petition for postconviction relief, arguing that the prosecutor withheld exculpatory evidence. It is the denial of this petition that is the subject of the instant appeal. *Page 4 
 {¶ 7} The trial court denied the petition on February 9, 2007. It determined that Casalicchio's petition was untimely because he filed it beyond the 180-day time limit set forth in R.C. 2953.21(A)(2).[1] The court reasoned that under this provision, 180 days began to run from the date the trial transcript from the judgment of conviction and sentence was filed in Casalicchio's direct appeal.[2]
 {¶ 8} It is from this judgment that Casalicchio appeals, raising the following three assignments of error:
 {¶ 9} "[1.] The trial court erroneously dismissed the petition for post-conviction relief as untimely filed.
 {¶ 10} "[2.] Assuming, arguendo, that the trial court addressed the merits of the petition, it failed to make adequate findings of fact and conclusions of law.
 {¶ 11} "[3.] The petition for post-conviction relief should not be dismissed on the basis of res judicata."
 {¶ 12} Since a postconviction relief proceeding is a collateral civil attack on a judgment, the judgment of the trial court is reviewed under the abuse of discretion standard. State v. Gondor, 112 Ohio St.3d 377,2006-Ohio-6679, at_58. An abuse *Page 5 
of discretion is more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary, or unconscionable.State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 13} In his first assignment of error, Casalicchio relies onState v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, to argue that because his first sentence did not properly include postrelease control, it was void and therefore, a nullity. Casalicchio maintains that because his first sentence was a nullity, it was not until his second sentence was imposed, that his conviction became "real" and "final," and his time to file a postconviction relief petition began to run. Thus, Casalicchio contends that his postconviction relief petition was timely because he filed it within 180 days from the time the transcript from his resentencing hearing was filed in his second appeal, on May 9, 2006.
 {¶ 14} The question raised in the instant appeal appears to be one of first impression for this court. In order to fully address it, we must thoroughly review Bezak, as well another Ohio Supreme Court decision,State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, which was released two months after Bezak.
 {¶ 15} In Bezak, the Ohio Supreme Court was presented with the question of "whether, when a court of appeals remands a case for resentencing because of the trial court's failure to inform the offender at the sentencing hearing that he may be subjected to postrelease control, the court must conduct a new sentencing hearing or may instead merely give that information in open court and summarily reimpose *Page 6 
the original sentence." Id. at_6. It determined that merely "advising" a defendant at a resentencing hearing was not enough. Id. at_13.
 {¶ 16} The Supreme Court stated that since Bezak "was not informed about the imposition of postrelease control at his sentencing hearing, the sentence imposed by the trial court is void."[3] Id. at_12. It then reasoned that, "`[t]he effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.'" Id., quoting Romito v.Maxwell (1967), 10 Ohio St.2d 266, 267-268.[4]
 {¶ 17} The Supreme Court summarized its holding in Bezak as: "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence *Page 7 
for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." Id. at the syllabus.
 {¶ 18} Two months later, the Supreme Court issued its decision inPayne, supra. In Payne, the Court was presented with the issue of "whether, when sentencing occurred after [Blakely v. Washington (2004),542 U.S. 296], failure to object at trial to a sentence that violatesBlakely forfeits the issue on appeal." Id. at_1. The Supreme Court concluded that since Payne failed to "make a Blakely objection, [he] forfeited the issue for appellate purposes." Id. at_21.
 {¶ 19} Relevant to the question in the instant appeal, Payne had argued that because his sentence was "void" under State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, it created "an exception" to his forfeiture of the Blakely issue. Payne at_27. The Supreme Court disagreed, and ultimately conceded that it erred in Foster when it characterized a sentence imposed under a statute declared unconstitutional as "void." Id. at_29.
 {¶ 20} The Supreme Court explained the difference between a sentence that is "void" from one that is "voidable." Id. at_27-30. "A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act. State v. Wilson (1995),73 Ohio St.3d 40, 44. Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously.State *Page 8 v. Filiaggi (1999), 86 Ohio St.3d 230, 240." Payne at_27. (Parallel citations omitted.)
 {¶ 21} The Court then applied those principles to the facts inPayne and concluded that "Foster addressed a situation in which the trial courts had both subject-matter jurisdiction and personal jurisdiction over a defendant. Courts prior to Foster had jurisdiction to impose a sentence within the statutory range after conducting the judicial fact-finding previously required by the statute. Our holding portions of R.C. 2929.14 unconstitutional rendered some pre-Foster sentences erroneous exercises of trial court jurisdiction. Thus, pre-Foster sentences imposed after judicial fact-finding and falling within the statutory range are voidable." Id. at_29.
 {¶ 22} In Casalicchio I, this court determined that the trial court erred when it did not inform Casalicchio at his sentencing hearing that he may receive postrelease control upon his release from prison. Id. at_30-32. The question raised in the instant appeal, however, is whether Casalicchio's original sentence was "null" and "void" because the trial court failed to inform him about the possible postrelease control, or whether it was merely voidable. And if it was void, as Casalicchio maintains, did it restart the clock for his time to file a postconviction relief petition?
 {¶ 23} Casalicchio is correct that if this court followed the holding in Bezak, his first sentence would be void (and his second for that matter). Despite the holding in *Page 9 Bezak, however, it is our view that based on Payne, Casalicchio's sentence was voidable, not void. In Payne the Supreme Court did not address postrelease control issues, nor did it overrule (or even mention) Bezak. Nevertheless, it is our view that Payne implicitly overruled Bezak with respect to the use of the word "void."
 {¶ 24} As Justice Lanzinger pointed out in her concurring opinion inPayne, the Supreme Court incorrectly labeled a sentence "void" inFoster because it had relied on its opinion in State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085. Id. at_34 (Lanzinger, J., concurring). Justice Lanzinger stated, "[i]nstead, in referring to a sentence that could be annulled for improper exercise of the trial court's authority, we should have more clearly stated that a voidable sentence is, on appeal, subject to being vacated and remanded for resentencing." Payne at_34 (concurring opinion). She further clarified,"[i]n a successful challenge to a void sentence, `a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss.'" Id., quoting Pratts v. Hurley,102 Ohio St.3d 81, 2004-Ohio-1980, at_21.
 {¶ 25} In Bezak, the Supreme Court also heavily relied onJordan, just as it did in Foster, when it labeled a sentence "void," and not "voidable." Bezak at_8-12 ("[o]ur decision in State v. Jordan
controls in this case"). Thus, the reasoning in Bezak was flawed, as it was in Foster, with respect to classifying a sentence as void. It is our view, that after Payne, the holding in Bezak, regarding the use of the word "void," is no longer correct. Payne makes it clear that the Supreme Court erred *Page 10 
when it labeled a sentence "void" — because the trial court had jurisdiction to impose the sentence. Therefore, the holding inBezak, that a sentence that does not properly include postrelease control is "void," should actually be "voidable." See Bezak at the syllabus.
 {¶ 26} There is no question that trial courts have subject matter jurisdiction and personal jurisdiction over defendants to impose postrelease control when sentencing them — just as they have "jurisdiction to impose a sentence within the statutory range."Payne at_29. When a trial court has "jurisdiction to impose," but imposes "irregularly or erroneously," then the sentence is voidable.Payne at_27.
 {¶ 27} Therefore, Casalicchio's argument, that his first sentence was a nullity, is without merit. Casalicchio's first sentence was not void, but voidable, and therefore was not a nullity. Since it was not a nullity, it did not restart the clock to file a postconviction relief petition.
 {¶ 28} Casalicchio appealed his conviction and sentence inCasalicchio I. The transcript of proceedings for Casalicchio I was filed in this court on June 28, 2004. Therefore, the time limitation period for postconviction relief began to run on that date. When the trial court imposed his "second" sentence at the resentencing hearing, "it [did] not serve to restart the clock for postconviction relief purposes as to any claims attacking his underlying conviction." State v.Gross, 5th Dist. No. *Page 11 
CT2006-0006, 2006-Ohio-6941, at_34. Thus, the trial court did not abuse its discretion when it dismissed Casalicchio's petition as untimely.[5]
 {¶ 29} Casalicchio's first assignment of error is not well taken.
 {¶ 30} In the second assignment, Casalicchio argues that if this court construes a statement made by the trial court as a decision on the merits, then we should reverse the trial court because it did not make proper findings of fact and conclusions of law.[6] However, we concluded in the first assignment that the petition was untimely filed, therefore the trial court did not have jurisdiction to address the merits of Casalicchio's petition. Therefore, this assignment has been rendered moot by our handling of the first assignment.
 {¶ 31} In his third assignment, Casalicchio argues that the trial court erred when it dismissed his petition because it was barred by res judicata. Again, as we concluded in the first assignment, that is not why the trial court dismissed Casalicchio's petition. Therefore, this assignment has also been rendered moot by our disposition of the first assignment. *Page 12 
 {¶ 32} Accordingly, the judgment of the Cuyahoga County Court of Common Pleas if affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, P.J., CONCURS; ANN DYKE, J., DISSENTS WITH SEPARATE DISSENTING OPINION
[1] R.C. 2953.21(A)(2) provides that "a petition [for post-conviction relief] shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken * * *, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
[2] The transcript of proceedings from Casalicchio's conviction and sentence was filed in this court in his direct appeal on June 28, 2004.
[3] We note that this factual statement made by the Supreme Court inBezak contradicts its own elucidation of the facts set forth earlier in the opinion at_3, where it stated: "At sentencing, the trial judge stated: `You'll be out in the not too distant future, at that point you won't have a — probably will not be on post-release control given that it's a six-month sentence, but I can't guarantee that.'" As Justice Lanzinger pointed out in her dissent, "the issue of postrelease control was at least mentioned by the trial court." Id. at_29 (Lanzinger, J., dissenting).
[4] Justice Lanzinger also stated in her dissent, "I am extremely troubled by the majority's application of the term `void' to Bezak's case." Id. at_31. (Lanzinger, J., dissent). She further stated, "I believe this holding undermines the principles of res judicata that we discussed in State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245. * * * I do not agree that Bezak's prison term * * * is a nullity." Id. at ¶ 31-32.
[5] When a postconviction relief petition is untimely, a trial court may still entertain it if the petitioner meets one of the two conditions set forth in R.C. 2953.23(A). Petitioner's claim, that the prosecutor withheld exculpatory evidence, could fall under R.C. 2953.22(A)(1) (if he showed that he "was unavoidably prevented from" discovering the exculpatory evidence and that "no reasonable factfinder would have found [him] guilty"). However, Casalicchio did not raise it in the trial court or on appeal.
[6] The trial court made one statement that was not related to the timeliness issue: "It is important to note that the Defendant's Petition raises no issue concerning resentencing, only, the jury trial. All those issues were or could have been presented on the appeal that was already heard and decided."