The STATE of Ohio, Appellee,

v.

WINSTON, Appellant.

[Cite as *State v. Winston,* 182 Ohio App.3d 306, 2009-Ohio-2171.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22506.

Decided May 8, 2009.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and R. Lynn Nothstine, Assistant Prosecuting Attorney, for appellee.

Pamela L. Pinchot, for appellant.

---

DONOVAN, Presiding Judge.

{¶ 1} Defendant-appellant, James A. Winston, appeals the sentence imposed upon him by the Montgomery County Court of Common Pleas, General Division, at a brief hearing held on October 15, 2007. Winston filed a motion for delayed appeal with this court on November 30, 2007. We sustained Winston's motion in a decision and entry filed on February 13, 2008.

I

{¶ 2} After a jury trial, Winston was convicted of involuntary manslaughter with an attendant firearm specification on August 1, 1997. On August 14, 1997, the court sentenced Winston to eight years' imprisonment for the charge of involuntary manslaughter with an additional three-year term for the firearm specification. The sentence for the firearm specification was ordered to be served consecutively to the sentence for the underlying term, for an aggregate sentence of 11 years' imprisonment. The trial court, however, failed to explain or even mention to Winston that he would be subject to a term of postrelease control upon his release from prison.

{¶ 3} On October 15, 2007, Winston appeared before the trial court for resentencing pursuant to his motion filed on September 18, 2007, since he had not been properly informed regarding the term of postrelease control at his initial sentencing hearing. At the second hearing, the trial court issued a nunc pro tunc termination entry that reimposed upon Winston the identical prison sentence imposed by the court in 1997 plus postrelease control. The trial court also orally

explained to Winston that upon his release from prison, he would be subject to a five-year term of postrelease control, and included that information in the termination entry.

{¶ 4} It is from this judgment that Winston now appeals.

## II

{¶ 5} Winston's first assignment of error is as follows:

{¶ 6} "The trial court erred by not affording the defendant-appellant, who was not originally sentenced to a term of postrelease control, a full de novo resentencing hearing rather the trial court merely provided the defendant-appellant with notice of postrelease control and summarily reimposed the original sentence."

{¶ 7} In his first assignment, Winston contends that the trial court erred when it sentenced him to a term of postrelease control and simply reimposed the identical sentence imposed by the original sentencing court. Winston argues that pursuant to the Ohio Supreme Court's holding in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, it was insufficient to summarily reimpose the original sentence because the trial court was required to afford him a full de novo resentencing hearing under the circumstances.

{¶ 8} Specifically, the *Bezak* court held that the failure to notify a defendant regarding postrelease control at the sentencing hearing results in a void sentence. Id. The defendant would, therefore, be entitled to a resentencing hearing wherein "the trial court may not merely inform the offender of the imposition of postrelease control and automatically reimpose the original sentence." Id. at ¶ 13. "Because a sentence that does not conform to statutory mandates requiring the imposition of postrelease control is a nullity and void, it must be vacated. The effect of vacating the sentence places the parties in the same position they would have been in had there been no sentence." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 22, quoting *Bezak*, ¶ 13.

{¶ 9} As noted by the state, however, the Eighth District has concluded that "the holding in *Bezak*, that a sentence that does not properly include postrelease control is 'void,' should actually be 'voidable.'" *State v. Casalicchio*, Cuyahoga App. No. 89555, 2008-Ohio-1081, 2008 WL 660548, ¶ 25. In this regard, the Eighth District relied on *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, which was released approximately two months after *Bezak*. The *Payne* court defined a void sentence as "one that a court imposes despite lacking subject-matter jurisdiction or the authority to act." Id. at ¶ 27, citing *State v. Wilson* (1995), 73 Ohio St.3d 40, 44, 652 N.E.2d 196. "Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed

irregularly or erroneously." Id., citing *State v. Filiaggi* (1999), 86 Ohio St.3d 230, 240, 714 N.E.2d 867. Thus, the Eighth District concluded that *Bezak* had been impliedly overruled by *Payne.*

{¶ 10} The Supreme Court does not, however, agree with the interpretation advanced by the Eighth District. In *Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, the Supreme Court reiterated its prior conclusion in *Bezak,* specifically holding that courts do not have the authority to substitute different sentences than what is required by law. The court in *Simpkins* stressed that when judges disregard what the law clearly commands, they act without authority, and "[s]uch actions are not mere errors that render a sentence voidable rather than void." Id. at ¶ 21.

{¶ 11} Moreover, the Ohio Supreme Court recently upheld and extended its decision in *Bezak,* finding that a defendant's sentence after a guilty plea to a first-degree felony was void since the trial court failed to inform the defendant of a period of mandatory postrelease control at the initial sentencing hearing. *State v. Boswell,* 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422.

{¶ 12} In the instant case, the trial court informed Winston at the resentencing hearing that he was subject to a mandatory term of five years of postrelease control following his release from prison. The court, however, then reimposed the identical sentence imposed by the original sentencing court. In light of the Supreme Court's holding in *Bezak* and its progeny, the original sentence imposed upon Winston by the trial court was void since it failed to include a period of mandatory postrelease control. The void sentence should have been vacated. Thus, the trial court erred when it reimposed the void sentence, and the court was required to afford Winston a full de novo sentencing hearing as if the original sentence had never been imposed.

{¶ 13} Additionally, we note that the trial court incorrectly utilized the nunc pro tunc entry when it journalized Winston's resentencing on October 15, 2007. "Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, 'nunc pro tunc entries "are limited in proper use to reflecting what the court actually decided, *not what the court might or should have decided.*"'" (Emphasis added.) *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, quoting *State ex rel. Mayer v. Henson,* 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 14, quoting *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 164, 656 N.E.2d 1288. Simply put, nunc pro tunc entries are used to correct clerical errors. "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." *State v. Brown* (2000), 136 Ohio App.3d 816, 819–820, 737 N.E.2d 1057.

{¶ 14} When the trial court attempted to resentence Winston, it was not correcting a clerical error made by the original sentencing court. The trial court was notifying Winston that he was subject to a mandatory term of five years of postrelease control following his release from prison, which the first judge failed to do when he originally sentenced Winston. The failure to apprise a defendant of a term of mandatory postrelease control following his release from prison renders the original sentence void. Such an omission is not a clerical error that can be corrected through the use of a nunc pro tunc entry.

{¶ 15} As previously stated, the failure to notify Winston of his postrelease control rendered his original sentence void, thus entitling him to a full de novo sentencing hearing with notification of his postrelease control. Thus, the trial court should have conducted a full de novo sentencing hearing before imposing sentence and issuing a new journal entry.

{¶ 16} Winston's first assignment of error is sustained.

### III

{¶ 17} Winston's second and final assignment of error is as follows:

{¶ 18} "The defendant was denied his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution because his trial counsel at the time of re-sentencing hearing failed to object to the trial court merely imposing postrelease control and automatically re-sentencing the defendant-appellant to his original sentence."

{¶ 19} In his final assignment, Winston argues that his counsel at the resentencing hearing rendered ineffective assistance of counsel because counsel failed to object when the trial court sentenced Winston to a term of postrelease control and simply reimposed the identical sentence imposed by the original sentencing court.

{¶ 20} In light of our disposition of Winston's first assignment of error, we conclude that this issue has been rendered moot.

### IV

{¶ 21} Winston's first assignment of error having been sustained, his sentence is vacated, and this matter remanded to the trial court for proceedings consistent with this opinion.

Judgment reversed,
sentence vacated,
and cause remanded.

FAIN and FROELICH, JJ., concur.