[Cite as *State v. Smith*, 2015-Ohio-200.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                           :
                                        :
        Plaintiff-Appellee              :       Appellate Case No. 26358
                                        :
v.                                      :       Trial Court Case No. 2014 CRB 5204
                                        :
DONTAE A. SMITH                         :       (Criminal Appeal from
                                        :        Dayton Municipal Pleas Court)
        Defendant-Appellant             :
                                        :

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of January, 2015.

. . . . . . . . . . .

LYNN R. DONALDSON, Atty. Reg. No. 0041507, and STEPHANIE L. COOK, Atty. Reg.
No. 0067101, by TROY B. DANIELS, Atty. Reg. No. 0084957, Dayton Municipal
Attorney's Office, 335 West third Street, Room 372, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellee

ANN M. CURRIER, Atty. Reg. No. 0082305, Gorman, Veskauf, Henson & Wineberg, 4
West Main Street, Suite 723, Springfield, Ohio 45502
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

        {¶ 1} Defendant-appellant Dontae A. Smith appeals from his conviction and

sentence for Domestic Violence and Assault. Smith contends that the trial court erred in its sentencing entry by imposing a sentence for Assault, because at the sentencing hearing, that offense was merged into Smith's Domestic Violence conviction, and no sentence was imposed for Assault. The State concedes error in this regard. We agree.

{¶ 2} Smith's sentence for Assault is Reversed, and this cause is Remanded for correction of the sentencing entry accordingly.

## I.     The Course of Proceedings

{¶ 3} Smith was charged with Domestic Violence and Assault. Both charges involved an alleged attack on a single victim.

{¶ 4} After a bench trial, Smith was found guilty of both offenses. A sentencing hearing followed immediately after the trial and verdict. With respect to sentencing, the following colloquy occurred at the hearing:

> Mr. Daniels [representing the State]: As a matter of procedure, Your Honor. The State is electing to sentence under the Domestic Violence charge, as opposed to the Assault. Because they are allied offense [sic] of similar import, you can only be sentenced under one of them.

> The Court:   Right.   Thank you though.   Mr. Smith, on the finding of guilt on the Domestic Violence charge, as indicated by the State, they are allied offenses and you can only be sentenced on the one. I am going to impose 180 days. I'll give you credit for 14. Then I am going to suspend 90 days, which will give you 76 days to do forthwith. * * * . What I am going to do at that point and [sic] time, is suspend the 90 days that's

remaining and put a one year, non-reporting on it. If you pick up any new charges, you could do the rest of those 90 days. I'll suspend any fine, considering you are going to do jail time. I will impose court costs.

{¶ 5} In its sentencing entry, the trial court imposed the sentence described in the above-quoted colloquy as the sentence for Domestic Violence, and also imposed a sentence of 180 days, with credit for 14 days, and the remaining 166 days suspended, for Assault. The entry also placed Smith on non-reporting community control for one year. The entry did not specify whether the Domestic Violence and Assault sentences were to be served concurrently or consecutively.

{¶ 6} From the judgment of conviction and sentence, Smith appeals.

## II. The Sentencing Entry Erroneously Imposed a Sentence for Assault

{¶ 7} Smith's sole assignment of error is as follows:

THE TRIAL COURT ERRED BY ISSUING A WRITTEN ENTRY AND ORDER THAT DOES NOT COMPORT WITH THE SPOKEN ENTRY AND ORDER OF THE COURT AND APPEARS TO SENTENCE THE APPELLANT INCORRECTLY.

{¶ 8} The trial court erred when it entered a judgment sentencing Smith for Assault, since no sentence was imposed, at the sentencing hearing, for Assault. The State concedes error in this regard.

{¶ 9} A trial court may properly use a nunc pro tunc entry to conform the record to what the court actually decided. *State v. Winston*, 182 Ohio App.3d 306, 2009-Ohio-2171, 912 N.E.2d 655 (2d Dist.), ¶ 13, citing *State, ex rel. Cruzado v. Zaleski*,

111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19.   Both parties agree that the proper remedy on appeal is to remand this case for correction of the judgment entry to reflect that Smith is only sentenced for Domestic Violence.

{¶ 10} Smith's sole assignment of error is sustained.


### III. Conclusion

{¶ 11} Smith's sole assignment of error having been sustained, his sentence for Assault is Reversed; the judgment of the trial court is Affirmed in all other respects; and this cause is Remanded for correction of the judgment entry, consistent with this opinion.

. . . . . . . . . . . . .



HALL and WELBAUM, JJ., concur.



Copies mailed to:

Lynn R. Donaldson / Stephanie L. Cook
Troy B. Daniels
Ann M. Currier
Hon. Christopher D. Roberts