JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Delbert Harrison, appeals his conviction in the Cuyahoga County Court of Common Pleas on charges of rape, gross sexual imposition, and kidnapping. Harrison also appeals from the trial court's imposition of consecutive sentences and the court's finding that Harrison is a sexually violent predator. For the reasons stated below, we affirm the trial court's finding of guilty and its finding that Harrison is a sexually violent predator; however, we vacate the sentence and remand the matter for resentencing.
 {¶ 2} Harrison was charged in a five-count indictment stemming from alleged sexual activities involving a seven-year-old child ("the victim") between May 24, 2004 and June 23, 2004. Counts one and two charged Harrison with rape of a child under the age of thirteen in violation of R.C. 2907.02. Each of these counts includes a sexually violent predator specification, a repeat violent offender specification, and a notice of prior conviction. Counts three and four charged Harrison with gross sexual imposition of a victim under the age of thirteen in violation of R.C. 2907.05. Both counts contained a sexually violent predator specification. Count five charged Harrison with kidnapping of a victim under the age of thirteen in violation of R.C. 2905.01. This count included a sexual motivation specification, sexually violent predator specification, repeat violent offender specification, and a notice of prior conviction.
 {¶ 3} A jury found Harrison guilty of each of the five charges and determined that the kidnapping offense was sexually motivated. The repeat violent offender specification and notice of prior conviction specifications, which had been bifurcated, were withdrawn by the state. Harrison elected to have the sexually violent predator specification determined by the judge instead of a jury.
 {¶ 4} Prior to trial, the court conducted a hearing to determine if the victim was competent to testify as a witness. The trial court found that she was, and the victim proceeded to testify at trial.
 {¶ 5} There is no dispute that in May and June 2004, Harrison resided with his niece, whose daughter is the victim in this case. Harrison slept in the same room with the victim. The victim testified that when she was seven years old, on at least three occasions, Harrison would take her in his car to the woods, walk her back into the woods, and inappropriately touch her. The victim testified that Harrison digitally penetrated her, after which she noticed blood in her underwear. He also rubbed his hands on her breasts, put his private part in her mouth, which she described as feeling like a squirt gun, and put his mouth over her vagina while her clothes were on. On one occasion Harrison also brought a three-year-old girl to the woods along with the victim. The victim later informed a social worker that Harrison also digitally penetrated the three-year-old.
 {¶ 6} The victim further testified to an incident where Harrison opened a shower curtain while she was taking a bath. The victim put her knees to her chest and covered them with her arms. Harrison tried to push her knees down but was not able to do so.
 {¶ 7} The victim also testified that Harrison told her he would kill her if she told anybody. She also stated that things got worse and she was afraid to tell anyone. Eventually, the victim told her grandmother what had been happening to her.
 {¶ 8} The nurse practitioner who examined the victim testified that her exam was normal but that she could not definitively rule out whether the victim had been sexually abused. The victim did tell the practitioner that Harrison had stuck his finger in her privates and she saw blood in her panties, as well as other details.
 {¶ 9} Evidence was also introduced of Harrison's prior criminal history, which included a corruption of a minor conviction in 1985, as well as various other convictions.
 {¶ 10} The trial court found Harrison to be a sexually violent predator. The trial court also sentenced Harrison to mandatory life sentences on counts one and two, and the court ordered these counts to run consecutively. The court sentenced Harrison to five years to life in prison on counts three and four, and ten years to life in prison on count five. Counts three, four, and five were ordered to run concurrently to each other and concurrently to the first two life sentences.
 {¶ 11} Harrison timely filed a notice of appeal and has raised three assignments of error for our review. His first assignment of error provides as follows:
 {¶ 12} "Assignment of Error I: The trial court inappropriately considered facts not in evidence in finding appellant to be a sexually violent predator."
 {¶ 13} A "`sexually violent predator' means a person who has been convicted of or pleaded guilty to committing, on or after January 1, 1997, a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." R.C. 2971.01(H)(1). In determining whether an offender "is likely to engage in the future in one or more sexually violent offenses," the trier of fact may consider any of the factors listed under R.C. 2971.01(H)(2). Several of these factors were present in this case.
 {¶ 14} In this case, Harrison had been convicted in two separate criminal actions of a sexually oriented offense or a child-victim oriented offense. See R.C. 2971.01(H)(2)(a). He was convicted in the instant case of raping a child. He also stipulated to having been convicted of a prior corruption of a minor offense, which is also a sexually oriented offense. R.C.2907.04; R.C. 2950.01(D)(1)(b)(i).
 {¶ 15} There was also evidence indicating that Harrison chronically commits offenses with a sexual motivation. See R.C.2971.01(H)(2)(c). The testimony in this case was that Harrison subjected the victim to sexual acts on several occasions. There was also testimony that he committed sexual acts upon a three-year-old victim as well. Harrison argues that the trial court inappropriately referenced his involvement with this second victim, against whom he was not indicted. However, there was credible testimony provided about these acts that the court could consider in making its determination. Further, even without evidence relating to the three-year-old, we find sufficient evidence existed to support the trial court's determination. The trial court also considered that Harrison had a sexually oriented offense in his past.
 {¶ 16} The trial court also considered that Harrison had threatened to kill the victim unless she complied. The court further noted that Harrison had a lengthy criminal history that included eight prior criminal offenses, one of which was sexually oriented, and that Harrison had spent 24 of his 48 years of life in the state penal institution. In the instant case, Harrison was convicted of two counts of rape, two counts of gross sexual imposition, and one count of kidnapping. See R.C.2971.01(H)(2)(f). We find this evidence supported a determination that Harrison exhibited repetitive criminal behavior and was likely to engage in the future in one or more sexually violent offenses.
 {¶ 17} We find no error in the trial court's determination and overrule Harrison's first assignment of error.
 {¶ 18} Harrison's second assignment of error provides as follows:
 {¶ 19} "Assignment of Error II: The evidence was insufficient to support a finding of guilt as to the charges of rape, gross sexual imposition and kidnapping."
 {¶ 20} When an appellate court reviews a record upon a sufficiency challenge, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235, quoting State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. Further, a reviewing court will not reverse a judgment that is supported by competent credible evidence which goes to all the essential elements of the case. State v. Crosby, Cuyahoga App. No. 81779, 2003-Ohio-7236.
 {¶ 21} Under this assignment of error, Harrison does not argue that there is a lack of evidence supporting the elements of the crimes charged. Rather, he questions the credibility of the victim in this case because of the less-than-ideal environment in which she was living.
 {¶ 22} Our review of the record shows that the victim in this case presented a detailed account of the incidents involving Harrison. She was consistent in her statements to the social worker and with her statements at trial. There was no indication of a lack of truthfulness to her testimony. We also observe that although this court considers the credibility of witnesses in reviewing the record, we accord due deference to the trier of fact because the jury had the opportunity to view the witnesses' testimony and adjudge their credibility. Upon our review, we find the trier of fact, viewing the record as whole, could find that the victim's testimony was credible.
 {¶ 23} Construing the evidence most strongly in favor of the state, we conclude there was sufficient evidence upon which any rational trier of fact could have found the essential elements of the crimes proved beyond a reasonable doubt. Harrison's second assignment of error is overruled.
 {¶ 24} Harrison's third assignment of error provides the following:
 {¶ 25} "Assignment of Error III: The trial court erred by ordering consecutive sentences when it failed to make all of the necessary findings required by R.C. 2929.14(E)(4), and failed to give adequate reasons for the findings it did make."
 {¶ 26} In light of the recent decision of the Supreme Court of Ohio in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we vacate Harrison's entire sentence and remand the case for a new sentencing hearing. Although Harrison challenges only the imposition of consecutive sentences, we recognize that his appeal was filed pre-Foster.
 {¶ 27} The Foster court found that judicial findings are unconstitutional and that several provisions of Senate Bill 2 are unconstitutional. Id. The court concluded that a trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences. Id. The Foster holding applies to all cases on direct review. Id. Because the trial court sentenced Harrison under unconstitutional statutory provisions, he must be resentenced.
 {¶ 28} On remand, the parties may stipulate to the sentencing court acting on the record before it. Id. The trial court shall consider those portions of the sentencing code that are unaffected by Foster and has full discretion to impose a prison term within the statutory range. Id. The trial court is not barred from imposing consecutive sentences. Id.
 {¶ 29} Accordingly, we sustain Harrison's third assignment of error.
 {¶ 30} This matter is affirmed as to the trial court's finding of guilty and its finding that Harrison is a sexually violent predator; sentence vacated and remanded for resentencing.
 {¶ 31} This cause is affirmed in part, vacated in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kenneth A. Rocco, J., and Mary Eileen Kilbane, J., concur.