OPINION
{¶ 1} Defendant-appellant Philip Anderson appeals his conviction and sentence in the Holmes County Court of Common Pleas for non-support of dependents, a fifth degree felony, in violation of R.C. 2919.21(B). Plaintiff-appellee is the State of Ohio. STATEMENT OF THE FACTS AND CASE
 {¶ 2} Appellant and Viola Allison were divorced on November 1, 1995. On February 10, 1998, a Magistrate recommended appellant pay $104.94 per month as child support for each of the five children born of the marriage.
 {¶ 3} In July, 2000 appellant moved the trial court to review and modify the child support obligation. In February, 2001, the trial court accepted and adopted child support guidelines filed by the parties, ordering appellant pay $68.75 per child per month, plus $21 in arrearage, effective December 26, 2000.
 {¶ 4} On July 8, 2002, the trial court, via Judgment Entry, found appellant in indirect civil contempt of the order, re-imposing its order appellant pay $104.94 per child, per month. The July 8, 2002 Judgment Entry was affirmed on appeal.
 {¶ 5} On December 6, 2004, the trial court adopted a Magistrate's Decision ordering appellant be placed on a seek work order.
 {¶ 6} On March 22, 2005, appellant was indicted for non-support of dependents, a felony of the fifth degree, in violation of R.C. 2919.21(B). The trial court appointed counsel and appellant eventually agreed to a plea negotiation. In exchange for his plea, the State reduced the charge from a fifth degree felony to a first degree misdemeanor, and appellant agreed to begin making current and arrearage child support payments.
 {¶ 7} On February 22, 2006, the trial court sentenced appellant to 180 days incarceration. The trial court memorialized the same via Judgment Entry of February 24, 2006.
 {¶ 8} On February 28, 2006, appellant filed a motion for stay of execution pending appeal and for leave to withdraw his guilty plea.
 {¶ 9} On March 3, 2006, appellant filed a petition for post-conviction relief.
 {¶ 10} On March 6, 2006, appellant filed a notice of appeal with this Court from the trial court's February 24, 2006 Judgment Entry.
 {¶ 11} On March 8, 2006, the trial court determined it lacked jurisdiction to determine appellant's post-conviction petition during the pendency of the appeal.
 {¶ 12} Appellant now assigns the following as error,
 {¶ 13} "I. OHIO REVISED CODE 3113.25, MAGISTRATS' [SIC] DECISION OF FEBRUARY 10, 1998 AND ATTACHED CHILD SUPPORT WORKSHEET INFRINGES UPON APPELLANT'S FUNDAMENTAL PROTECTED RIGHTS IN VIOLATION OF THE FOURTH, FIFTH, NINETH [SIC] ANDFOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, ARTICLE ONE, SECTION FOURTEEN, SIXTEEN AND TWENTY OF OHIO CONSTITUTION AND VIOLATES EQUAL PROTECTION OF THE LAW GUARANTEED BY THEFOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND ARTICLE ONE, SECTION TWO OF THE OHIO CONSTITUTION.
 {¶ 14} "II. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF 6TH AMENDMENT TO THE UNITED STATES CONSTITUTION, 5TH AND 14TH AMENDMENT TO THE U.S. CONSTITUTION AND RIGHT TO DUE PROCESS.
 {¶ 15} "III. THE PLEA-AGREEMENT VIOLATES APPELLANT'S DUE PROCESS RIGHTS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION 16 OF THE OHIO CONSTITUTION IN THAT APPELLANT DID NOT AGREE VOLUNTARY, KNOWINGLY AND UNDERSTANDINGLY TO THE TERMS AND THEREFORE PLEA-AGREEMENT IS VOID.
 {¶ 16} "IV. THE COURT COMMITTED PREJUDICIAL ERROR IN VIOLATION OF APPELLANT'S FIFTH AND FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AND RIGHT TO FAIR TRIAL UNDER THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION WHEN IT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO MAXIMUM SENTENCE FOR 1ST DEGREE MISDEMEANOR CONTRARY TO LAW."
 {¶ 17} Initially, we note appellant's brief is in excess of 70 pages. Local App. R. 9(B) states:
 {¶ 18} "In addition to the requirements of App. R. 16, no appellant's or appellee's brief or cross-appellant's or cross-appellee's brief, excluding appendices, table of contents, table of cases, statement of assignments of errors, and statement of the issues shall exceed thirty pages, unless, upon a motion requesting an increase of a specific number of pages and the showing of good cause, this Court orders otherwise. * * *
 {¶ 19} A review of the record indicates appellant failed to comply with the above; therefore, we will limit our review to the first 30 pages of appellant's brief, excluding any appendices, the table of contents, table of cases, statement of assignments of errors, and the statement of issues. Accordingly, we will address only the first two assignments of error presented for our review.
 {¶ 20} We further note the State's waiver of oral argument despite their failure to file a brief in the within matter.
 I {¶ 21} Appellant's first assignment of error asserts the Magistrate's Decision of February 10, 1998 and the attached child support worksheet infringe upon appellant's constitutional rights.
 {¶ 22} Upon review of the record, appellant appealed the February 10, 1998 Magistrate's Decision and the trial court's April 13, 1998 Judgment Entry adopting the Magistrate's Decision to this Court in Holmes County App. No. 98 CA 11. This Court, via Judgment Entry of November 3, 1998, held:
 {¶ 23} "Since appellant's objections, presented to the trial court, were not supported with a transcript of the proceedings before the magistrate, we cannot address appellant's assignments of error. Although appellant filed a transcript of proceedings with this Court, we cannot consider the transcript nor address appellant's assignments of error because the transcript was not part of the record below.
 {¶ 24} "Appellant's first, second, third and fourth assignments of error are overruled.
"For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Holmes County, Ohio, is hereby affirmed."
 {¶ 25} Accordingly, the February 10, 1998 Magistrate's Decision was the subject of direct appeal and was affirmed by this Court. As such, appellant's arguments amount to a collateral attack and are res judicata. See, In re Craig, Tuscarawas App. Nos. 2005AP110076, 2005AP110079, 2005AP110083, 2006-Ohio-2027. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp.,73 Ohio St.3d 379, 1995-Ohio-331, syllabus.
 {¶ 26} Appellant's first assignment of error is overruled.
 II {¶ 27} In the second assignment of error, appellant argues ineffective assistance of trial counsel.
 {¶ 28} As noted above, appellant was appointed counsel in the proceedings below. Appellant asserts he told his counsel the State incorrectly calculated the 26 weeks and the number of weeks of non-support was less than 26 weeks. Appellant asserts he was told by counsel he could only challenge the calculation at trial or in a motion for post-conviction relief. Appellant subsequently entered into a plea agreement, and did not proceed to trial. Therefore, as presented herein appellant's arguments were not cognizable on direct appeal.
 {¶ 29} Appellant maintains the plea agreement incorrectly contained the terms of the plea and the amount due and owing. As noted supra, appellant filed a petition for post-conviction relief which is still pending in the trial court. Accordingly, we find appellant's argument in the second assignment of error premature.
 {¶ 30} The February 24, 2006 Judgment Entry of the Holmes County Court of Common Pleas is affirmed.
Hoffman, P.J. Farmer, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the Judgment Entry of the Holmes County Court of Common Pleas is affirmed. Costs to appellant.