JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant Delbert Harrison appeals from the judgment imposed following a remand pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. For the reasons set forth below, we affirm.
 {¶ 2} Defendant was indicted pursuant to a five-count indictment for the alleged sexual abuse of a seven year-old. He was charged with two counts of rape of a child under thirteen years-old, with sexually violent predator specifications, repeat offender specifications, and notices of a prior conviction. He was also charged with two counts of gross sexual imposition of a child under the age of thirteen, with sexually violent predator specifications, and one count of kidnapping with a sexual motivation specification, sexually violent predator specification, a repeat violent offender specification and a notice of prior conviction. The repeat violent offender specification and the notice of prior specification were later withdrawn and the sexually violent predator specifications were tried to the judge. Following a jury trial, defendant was convicted of all charges and the trial court subsequently determined that he is a sexually violent predator.
 {¶ 3} Defendant filed a direct appeal in which he asserted that the trial court erred and considered facts not in evidence in determining that he is a sexually violent predator, that there was insufficient evidence supporting the underlying convictions, and that the court erred in imposing the sentence. This court affirmed the underlying convictions and the sexually violent predator specification, but *Page 4 
remanded the matter for re-sentencing pursuant to State v. Foster, supra. See State v. Harrison, Cuyahoga App. No. 86925, 2006-Ohio-4119. Following our remand, the trial court sentenced defendant to two consecutive life sentences, with a concurrent five years to life term for the gross sexual imposition charges, and a concurrent ten years to life term for the kidnapping charge. Defendant now appeals and assigns five errors for our review.
 {¶ 4} Defendant's first and second assignments of error are interrelated and state:
 {¶ 5} "Defendant was denied due process of law when he was sentenced as a sexually violent predator specification when the specification in the indictment failed to allege any of the elements of that enhancement."
 {¶ 6} "Defendant was denied due process of law when the court based its finding of a sexually violent predator specification using the present conviction."
 {¶ 7} Within these assignments of error, defendant complains that the sexually violent predator specification set forth in the indictment failed to allege the elements of this offense, and that the instant offenses cannot support a conviction for this specification.
 {¶ 8} In the direct appeal of his conviction, this court affirmed defendant's conviction pursuant to the sexually violent specification and stated:
 {¶ 9} "There was also evidence indicating that Harrison chronically commits offenses with a sexual motivation. See R.C. 2971.01(H)(2)(c). The testimony in this *Page 5 
case was that Harrison subjected the victim to sexual acts on several occasions. There was also testimony that he committed sexual acts upon a three-year-old victim as well. * * *. The trial court also considered that Harrison had a sexually oriented offense in his past.
 {¶ 10} "The trial court also considered that Harrison had threatened to kill the victim unless she complied. The court further noted that Harrison had a lengthy criminal history that included eight prior criminal offenses, one of which was sexually oriented, and that Harrison had spent 24 of his 48 years of life in the state penal institution. In the instant case, Harrison was convicted of two counts of rape, two counts of gross sexual imposition, and one count of kidnapping. See R.C.2971.01(H)(2)(f). We find this evidence supported a determination that Harrison exhibited repetitive criminal behavior and was likely to engage in the future in one or more sexually violent offenses."
 {¶ 11} See State v. Harrison, supra. Thus, the claims raised within the first and second assignments of error are a collateral attack upon this previously decided matter which is barred by res judicata. SeeState v. Anderson, Holmes App. No. 06CA004, 2006-Ohio-5219. The first and second assignments of error are overruled.
 {¶ 12} Defendant's third and fourth assignments of error state:
 {¶ 13} "Defendant was denied effective assistance of counsel where it was acknowledged on the record that [counsel] was sleeping." *Page 6 
 {¶ 14} "Defendant was denied his constitutional rights when the court failed to make a full inquiry and grant relief to defendant for constructive denial of counsel at his trial."
 {¶ 15} In Strickland v. Washington (1984), 466 U.S. 668,104 S. Ct. 2052, 80 L. Ed. 2d 674, the Supreme Court of the United States set forth a two-pronged test for ineffective assistance of counsel. A defendant must demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. The first prong "requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. The second prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." Id.
 {¶ 16} It is presumed that a properly licensed attorney in the state of Ohio has rendered effective assistance of counsel to a criminal defendant. State v. Hurd, Trumbull App. No. 2001-T-0086, 2002-Ohio-7163.
 {¶ 17} As an initial matter, we must note that the proper procedure for raising a claim of ineffective assistance of trial counsel is in the direct appeal or in a post-conviction proceeding. In any event, the record provided to this court indicates that following defendant's complaints about his trial counsel, the court remarked that on a number of occasions during the trial it had to prompt defendant's trial counsel to appear to be awake, but the court "could not say for sure he was sleeping." Further, *Page 7 
the trial transcript indicates that defendant asked the court to "keep his lawyer awake." (Tr. 610). The record further states:
 {¶ 18} "DEFENDANT: Your honor, my lawyer is still sleeping.
 {¶ 19} "THE COURT: Mr. Harrison, I'm not going to permit you —
 {¶ 20} "DEFENDANT: He's over here sleeping.
 {¶ 21} "THE COURT: Excuse me. I'm not going to permit you to make inappropriate comments on the record. I have talked to your attorney on two or three occasions, and he tells me he's paying close attention to your case. If you want to continue to make these statements, then what I'm going to have to do is bound or gag you or have you removed from the courtroom." (Tr. 614-615).
 {¶ 22} In the re-sentencing proceedings held pursuant to State v.Harrison, Cuyahoga App. No. 86925, 2006-Ohio-4119, the following transpired:
 {¶ 23} "MS. DuCOFF: * * * I'd like to just mention that although you had to tell prior counsel that it appeared as if he was not alert, as an officer of the court, I wanted to state that I've been in many cases with [defense counsel] and that is his style, and it has nothing to do with being alert or not." (Tr. 24).
 {¶ 24} We therefore cannot accept defendant's claim that "it was acknowledged on the record that [counsel] was sleeping." From the foregoing, we cannot conclude that defendant was denied effective assistance of trial counsel. The third and fourth assignments of error are overruled. *Page 8 
 {¶ 25} Defendant's fifth assignment of error states:
 {¶ 26} "Defendant was denied due process of law when the court abused its discretion in sentencing defendant without consideration of the applicable statutory criteria."
 {¶ 27} Within this assignment of error, defendant complains that, in the sentencing proceeding conducted following remand, the trial court failed to consider the factors set forth in R.C. 292911 and R.C.2929.12. Judicial fact-finding is no longer required before a court imposes consecutive or maximum prison terms. See State v. Foster, supra;State v. Mathis, 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855. Trial courts are vested with discretion to impose a prison term within the statutory range. Id. In exercising its discretion, the trial court must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself." Id. Thus, post-Foster, "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." State v. Foster, supra.
 {¶ 28} There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. State v.Polick (1995), 101 Ohio App.3d 428, 431, 655 N.E.2d 820; State v.Gant, Mahoning App. No. 04 MA 252, 2006-Ohio-1469 *Page 9 
(nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citingState v. Cyrus (1992), 63 Ohio St.3d 164, 166, 586 N.E.2d 94; State v.Hughes, Wood App. No. WD-05-024, 2005-Ohio-6405 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case).
 {¶ 29} In accordance with the foregoing, the trial court was not required to state the factors on the record. Moreover, the record clearly indicates that the victim was seven years-old at the time of the offenses, that she is defendant's niece, and that on several occasions, defendant brought her and another child to the woods and sexually abused her. The sentence is reasonably calculated to achieve the two overriding purposes of felony sentencing.
 {¶ 30} This assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 10 
 KENNETH A. ROCCO, P.J., and MARY J. BOYLE, J., CONCUR *Page 1