JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Dowell, Cuyahoga County Court of Common Pleas Case No. CR-462275, applicant was convicted of burglary. This court affirmed the judgment of conviction and vacated Dowell's sentence remanding the case to the trial court in State v. Dowell, Cuyahoga App. No. 86517,2006-Ohio-2296 ("Dowell I").
 {¶ 2} After the trial court resentenced Dowell, he appealed the new sentence. In State v. Dowell, Cuyahoga App. No. 88864, 2007-Ohio-5534("Dowell II"), this court affirmed the judgment resentencing Dowell.
 {¶ 3} Dowell has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because he "was not able to face his accuser during trial." We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 4} Having reviewed the arguments set forth in the application for reopening, in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey,84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Ohio Supreme Court specified the proof required of an applicant. "In State v. Reed (1996),74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening *Page 4 
under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." Id. at 25. Dowell cannot satisfy either prong of the Strickland test. We must, therefore, deny the application on the merits.
 {¶ 5} Dowell never appealed Dowell I or Dowell II. Likewise, he did not seek reopening of Dowell I. This application for reopening arises from Dowell II, which was an appeal from Dowell's resentencing. Nevertheless, in his sole assignment of error in his application for reopening, Dowell complains that the victim never testified at trial and that he "was deprived of not being able to face my accuser during trial ***." Application for Reopening. Clearly, Dowell's proposed assignment of error would only pertain to his conviction — which was affirmed inDowell I--and would not be relevant to Dowell's resentencing, the sole subject of Dowell II. Given the obvious disconnect between Dowell's proposed assignment of error and the limited subject matter ofDowell II, applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). InDowell I, this court affirmed Dowell's conviction. Dowell has not provided this court with any authority *Page 5 
under which we could have considered reversing his conviction in the context of Dowell II, which is solely an appeal from Dowell's resentencing.
 {¶ 6} In State v. Harrison, Cuyahoga App. No. 86925, 2006-Ohio-4119("Harrison I"), this court had affirmed Harrison's conviction and vacated his sentence and remanded the case for resentencing. This court denied Harrison's application for reopening of Harrison I in State v.Harrison, Cuyahoga App. No. 86925, 2006-Ohio-4119, reopening disallowed,2007-Ohio-3642. In State v. Harrison, Cuyahoga App. No. 89957,2007-Ohio-3524 ("Harrison II"), this court affirmed the sentence imposed after the remand in Harrison I. In State v. Harrison, Cuyahoga App. No. 89957, 2007-Ohio-3524, reopening disallowed, 2008-Ohio-921, Harrison sought reopening of Harrison II and contended that his appellate counsel was ineffective because he did not raise various issues which would have challenged the propriety of his conviction.
 {¶ 7} "In the present case, when this court affirmed the convictions in the First Appeal [Harrison I], the propriety of those convictions became the law of the case, and subsequent arguments seeking to overturn them became barred. Thus, in the Second Appeal [Harrison II], only arguments relating to the resentencing were proper. This court recognized this principle when [appellate counsel in Harrison II] tried to `bootstrap' arguments to overturn the convictions into the Second Appeal. `[T]he claims raised within the first and second assignments of error are a collateral attack upon this previously decided matter which is barred by res judicata.' 2007-Ohio-3524, ¶ 11. *Page 6 
So, too, are Harrison's current attacks on his convictions in his application to reopen the Second Appeal. Any arguments in an application to reopen the Second Appeal would necessarily have to concern the resentencing." 2008-Ohio-921, ¶ 9.
 {¶ 8} Similarly, in this action, only assignments of error which challenge Dowell's resentencing would be appropriate for consideration of an application for reopening filed after Dowell II. Yet, Dowell's proposed assignment of error challenges his conviction. Clearly, the proposed assignment of error exceeds the scope of what could have been considered on the merits in Dowell II. As a consequence, we must conclude that Dowell has not met his burden to demonstrate: that his counsel in Dowell II was deficient; and that Dowell was prejudiced by the absence of the proposed assignment of error.
 {¶ 9} Accordingly, the application for reopening is denied.
MARY J. BOYLE, JUDGE
 ANN DYKE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR. *Page 1