JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Gregory Smith nka Gregory DeDonno (Smith), appeals his sentence imposed on April 1, 2008, in the Cuyahoga County Court of Common Pleas and the denial of his motion to withdraw his plea. For the following reasons, we affirm.
 {¶ 2} After entering into a plea bargain, Smith pleaded guilty to an amended indictment on September 22, 1998, to one count of rape, in violation of R.C. 2907.02, a felony of the first degree, and one count of kidnapping, in violation of R.C. 2905.01, a felony of the first degree. Smith was sentenced on October 13, 1998, to ten years on the charge of rape and nine years on the charge of kidnapping, with the sentences to be served consecutively.
 {¶ 3} The initial procedural history and facts of appellant's conviction are set forth in this court's first opinion regarding this matter. On March 9, 2000, this court affirmed Smith's conviction inState v. Smith, Cuyahoga App. No. 75512 (Smith I). On July 19, 2000, the Supreme Court of Ohio dismissed Smith's appeal for the reason that no substantial constitutional question existed and overruled his motion for leave to appeal. State v. Smith (2000), 89 Ohio St.3d 1457. Smith filed an application for reopening in Smith I on October 19, 2001, which was denied on February 5, 2002. *Page 4 
 {¶ 4} On April 22, 2002, Smith filed a postconviction motion with the trial court, seeking to set aside his conviction and to withdraw his guilty plea pursuant to Crim. R. 11 and Crim. R. 32.1, which the state opposed as untimely. The trial court denied this petition on June 4, 2002, issuing findings of fact and conclusions of law.
 {¶ 5} Smith filed a renewed motion to vacate and/or withdraw guilty plea on September 3, 2002. The State opposed the motion by written response filed on October 7, 2002. The trial court denied Smith's renewed motion by journal entry on October 23, 2002, which stated:
 "Motion of defendant for renewed motion to vacate and/or withdraw guilty plea denied, as defendant's appeal was affirmed by Eighth District Court of Appeals on March 9, 2000. This court is without jurisdiction to hear current motion pursuant to State ex rel. Special Prosecutors vs. Judges (1978), 55 Ohio St.2d 94."
 {¶ 6} Smith appealed the trial court's ruling of October 23, 2002, which this court addressed in State v Smith, Cuyahoga App. No. 82062, 2003-Ohio-3675 (Smith II). In Smith II, this court affirmed the trial court's denial of Smith's renewed motion to vacate and/or withdraw his guilty plea for want of jurisdiction to hear the motion. Smith appealed to the Ohio Supreme Court, and Smith's appeal was dismissed on November 19, 2003. See State v. Smith, 100 Ohio St.3d 1486, 2003-Ohio-5992.
 {¶ 7} On November 5, 2003, Smith filed a motion for reduction of sentence that this court denied on November 5, 2003. Smith I. On December 26, 2003, *Page 5 
Smith filed a motion for delayed reconsideration. This court treated the motion as an application for reopening and denied same on August 10, 2004. Smith I.
 {¶ 8} On January 25, 2008, Smith filed with the trial court a motion to withdraw guilty plea pursuant to Crim. R. 32.1. On February 15, 2008, Smith also filed a motion through counsel requesting that the court vacate his original sentence under the authority of State v. McGee, Cuyahoga App. No. 89133, 2007-Ohio-6655, which held that an offender is entitled to a new sentencing hearing when the original sentence failed to impose postrelease control. On February 21, 2008, Smith filed a supplement to his motion to withdraw guilty plea pursuant to Crim. R. 32.1.
 {¶ 9} The trial court issued the following order on February 27, 2008, which reads in pertinent part:
 "Sentencing set for 4/01/2008 at 10:00 a.m. Defendant's motion to vacate sentence is granted. Pursuant to State v. McGee, No. 89133, 8th District (Dec. 13, 2007) Defendant is entitled to a new sentencing hearing. Defendant to be returned to County jail no later than 3/31/08."
 {¶ 10} The court held the resentencing hearing on April 1, 2008, and imposed an aggregate 19-year term of incarceration: 10 years for the charge of rape and 9 years for the charge of kidnapping, with the sentences to be served consecutively. Additionally, the trial court denied Smith's motion to withdraw *Page 6 
his plea as indicated in a separate journal entry issued and filed on April 1, 2008.
 {¶ 11} Smith presents five assignments of error for our review. The first and fourth assignments of error both address matters unrelated to the resentencing of Smith by the trial court on April 1, 2008, and will be addressed together.
 {¶ 12} Assignment of Error One
 "Defendant was denied due process of law when the court overruled his motion to withdraw his pleas of guilty."
 {¶ 13} Assignment of Error Four
 "Defendant was denied due process of law when he was convicted of kidnapping[,] which indictment failed to allege a culpable mental state."
 {¶ 14} In his first and fourth assignments of error, Smith does not set forth any argument challenging the propriety or validity of his new sentence. Instead, he sets forth arguments challenging his convictions based on his guilty pleas entered before the trial court in 1998, and which were available to be pursued in his first appeal. See SmithI.
 {¶ 15} Because this court has already affirmed Smith's convictions based on his guilty pleas to the amended indictment, he is precluded from attempting to now overturn his pleas to the amended indictment in the instant appeal filed *Page 7 
after his resentencing in 2008. He is limited to challenging his resentencing on April 1, 2008.
 {¶ 16} We make the determination that Smith is precluded from setting forth new arguments unrelated to his resentencing on April 1, 2008, based on the doctrine of law of the case. As stated by this court inState v. Harrison, Cuyahoga App. No. 88957, 2008-Ohio-921:
 "This `doctrine provides that the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' Nolan v. Nolan
(1984), 11 Ohio St.3d 1, 3. Thus, `the doctrine of law of the case precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal. New arguments are subject to issue preclusion, and are barred.'" City of Hubbard ex rel. Creed v. Sauline, 74 Ohio St.3d 402, 404-405, 1996-Ohio-174."
 {¶ 17} As this court has affirmed Smith's convictions based on his guilty pleas in his appeal in Smith I, the propriety of those convictions based on his guilty pleas became the law of the case, and his subsequent attempts to overturn his convictions based on his guilty pleas are barred in the instant case by operation of this doctrine. Smith's attempts to "bootstrap" arguments to overturn the convictions based on his guilty pleas in this appeal is *Page 8 
impermissible. A collateral attack upon this previously decided matter is now barred by res judicata.
 {¶ 18} In affirming the trial court's denial of Smith's renewed motion to vacate and/or withdraw his guilty plea for want of jurisdiction to hear the motion, in Smith II, this court stated:
 "Crim. R. 21 `does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do. Thus, we find a total and complete want of jurisdiction by the trial court to grant the motion to withdraw appellee's plea of guilty and to proceed with a new trial.' State, ex rel. Special Prosecutors v. Judges, Court of Common Pleas, (1978), ***; State v. McGettrick (1988), 40 Ohio App.3d 25, 531 N.E.2d 755; State v. Steimle, (Dec. 7, 2000), Cuyahoga App. Nos. 77005, 77006, 77302, and 77303; State v. Jackson (Mar. 30, 2001), Miami App. No. 2000-CA-48.
 In the case at bar, the trial court had no jurisdiction to consider defendant's Crim. R. 32.1 motion to withdraw his guilty plea, and thus correctly dismissed it. Moreover, even if we assume, arguendo, the trial court had jurisdiction, defendant's arguments would, nonetheless, be barred by the doctrine of res judicata. This doctrine bars consideration of issues that could have been raised on direct appeal. The doctrine applies to successive petitions for postconviction relief. See State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104.
 In this case, defendant filed a direct appeal from his convictions and never directly challenged the voluntariness of his plea in that appeal. This court, nonetheless, determined that his plea was voluntarily, intelligently, and knowingly made. Accordingly, defendant's challenge to the propriety of his plea in this appeal is barred." (Footnote omitted.) *Page 9 
 {¶ 19} Because Smith's first assignment of error raises arguments that constitute a collateral attack upon this previously decided matter, it is barred by res judicata. See State v. Anderson, Holmes App. No. 06CA004, 2006-Ohio-5219.
 {¶ 20} The first and fourth assignments of error are overruled.
 {¶ 21} Assignment of Error Two
 "Defendant was denied due process of law when the court imposed a nine (9) year sentence for kidnapping when a co-defendant received two (2) years for the same offense."
 {¶ 22} Counsel for Smith at the resentencing hearing on April 1, 2008, stated as follows:
 "He did receive the maximum sentence on the rape. That is all you can get under the law. There should not be an additional sentence for the kidnapping, which I think even the law is today that the like defendants in similar circumstances should receive the same sentence.
 Mr. Walker, for two counts of abduction, received a total sentence of two years and got shock probation. I mean, there is really no basis for saying anything is worse concerning the one person in connection with this case, the Miss Allison, who was accompanied by Miss Rice who was caught skipping school in connection with the case.
 She said, I went on my own. I was not forced in the car or forced at anything. I mean, if they were given an additional sentence for that I think is [sic] wrong, and that any sentence in this case should be concurrent." *Page 10 
 {¶ 23} In order for sentences to be challenged as disparate, an appellant must be able to demonstrate that another was a similarly situated offender. See R.C. 2929.11(B). Smith is not able to do so by merely pointing to the sentence of his codefendant, Kenneth Walker, and by referencing the fact that his codefendant was ultimately convicted of a lesser offense of two counts of abduction as a part of a plea bargain. The little that appears on the record at Smith's resentencing hearing regarding Walker indicates that his convictions for abduction were distinct from Smith's convictions for rape and kidnapping. Morever, Smith does not demonstrate in the record that Walker had a similar criminal and social history in support of his claim that he received a disparate and unfair sentence when contrasted with Walker.
 {¶ 24} For that reason alone, we find Smith's second assignment of error to be unfounded.
 {¶ 25} The second assignment of error is overruled.
 Assignment of Error Three
 "Defendant was denied due process of law when the court ruled that it could not consider defendant's behavior in prison in considering an appropriate sentence on resentencing."
 {¶ 26} Our review of the record does not support Smith's contention that the trial court at the time of resentencing refused to give weight to his prison record. The trial court instead stated that it would not give significant weight to the actions of Smith while in prison in relation to other sentencing factors. *Page 11 
 {¶ 27} Smith cites to no specific authority that a trial court must consider an offender's prison record or subsequent behavior in resentencing an offender.
 {¶ 28} This contention is not precise and does not go beyond the argument that since one of the purposes of felony sentencing is "rehabilitating the offender" the trial court is compelled to consider Smith's behavior in prison in resentencing.
 {¶ 29} Appellate courts are not required to construct full-blown claims from convoluted reasoning. Village of Ottawa Hills v.Abdollah, Lucas App. No. L-04-1297, 2006-Ohio-2618, citing State ex rel.Karmasu v. Tate (1992), 83 Ohio App.3d 199, 206. We will not do so with regard to Smith's unsupported claim that the trial court was mandated to change his sentence given his behavior in prison prior to the trial court's resentencing.
 {¶ 30} In fact, the Ohio Supreme Court's discussion regarding sentencing rehearings in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, at ¶ 103-106, makes it clear that trial courts have discretion to impose sentences within the appropriate felony range when considering unexcised portions of the felony code, including the provision that one of the purposes in felony sentencing is rehabilitating the offender. "When a sentence is deemed void, the ordinary course is to vacate that sentence and remand to the trial court for a new sentencing hearing. See, e.g., State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085 (where a sentence is void because it does not contain a statutorily *Page 12 
mandated term, the proper remedy is to resentence the offender.)"Foster at ¶ 103.
 {¶ 31} The Supreme Court in Foster further stated:
 "Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties. United States v. DiFrancesco (1980), 449 U.S. 117, 134-136, 101 S.Ct. 426."
 {¶ 32} A thorough review of the record reveals that in resentencing Smith the trial court thoroughly analyzed Smith's background, criminal history, and conduct, and considered the appropriate factors of the felony sentencing code, including Smith's conduct in prison. The trial court within its discretion properly imposed a sentence within the appropriate statutory range. See Foster ¶ 7.
 {¶ 33} Thus, Smith's third assignment of error is overruled.
 Assignment of Error Five
 "Defendant was denied due process of law when his sentence was based upon facts found by the court which were not alleged in the indictment nor found by the jury."
 {¶ 34} The substance of Smith's fifth assignment of error is that his most recent sentence violates his right to due process of law, as it was based on impermissible judicial fact-finding. At the outset we are mindful of the *Page 13 
observation of the court in State v. Vance, Ashland App. No. 2007-COA-035, 2007-Ohio-4763, made in response to a challenge similar to that of Smith's in the instant appeal:
 "[T]here is no constitutional right to an appellate review of a criminal sentence. Moffitt v. Ross (1974), 417 U.S. 600, 610-11, 94 S.Ct. 2437, 2444, 41 L. Ed. 2d 341; McKane v. Durston (1894), 153 U.S. 684, 687, 14 S. Ct. 913, 915, 38 L. Ed. 867; State v. Smith (1997), 80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668; State v. Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823. An individual has no substantive right to a particular sentence within the range authorized by statute. Gardner v. Florida (1977), 430 U.S. 349, 358, 97 S.Ct. 1197, 1204-1205, 51 L.Ed. 2d 393."
 {¶ 35} Specifically, Smith contends that the following statement of the trial court judge at the resentencing hearing constituted prejudicial, judicial fact-finding. He focuses on the following statement of the court made after the court had imposed a prison sentence of 10 years for the offense of rape and 9 years for the offense of kidnapping, to be served consecutively:
 "Again, the Court finding the harm caused in this case was great or unusual and consecutive sentences are necessary in order to fulfill the purposes and principles of sentencing and are not disproportionate to the offender's conduct and danger *Page 14 
to the public and purposes and principles of sentencing." (Tr. 51-52.)
 {¶ 36} Smith argues that the imposed prison sentence, despite the fact that it is within the statutory range for the offenses, violatesFoster because the trial court participated in judicial fact-finding when making the above statement and when it stated that the victim, being below the age of thirteen, suffered serious psychological and physical harm as a result of the offense. (Tr. 47-48.)
 {¶ 37} This court will review a felony sentence pursuant to the two-prong standard set forth by the Ohio Supreme Court in State v.Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912.[1]
 "In applying Foster to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."
 {¶ 38} Smith incorrectly argues that the effect of the Ohio Supreme Court decision in Foster is to prohibit a trial court from making any findings whatsoever. The Ohio Supreme Court in Foster held that a trial court, as opposed to a jury, cannot be required to make certain findings in order to impose more than the statutory minimum sentence. Thus, the court must merely *Page 15 
consider the statutory factors before imposing sentence. TheFoster decision in no way precludes judicial determinations at sentencing hearings, as incorrectly argued by Smith. In State v.Hairston, 118 Ohio St.3d 289, 2008-Ohio-2338, the Supreme Court reiterated "[w]e have expressly held that trial courts have discretion to impose a prison sentence within the statutory range for the offense." Id. at ¶ 21, citing Foster.
 {¶ 39} After Foster,
 "[T]he trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C. 2929.19(B)(2) has been excised; nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself." State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 38.
 {¶ 40} R.C. 2929.11 provides:
 "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall *Page 16 
consider the need for incapacitating the offender, deterring the offender ***, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 41} In the instant case, the trial court's judgment entry of April 1, 2008, states in pertinent part:
 "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11. The court imposes a prison sentence at the Lorain Correctional Institution of 19 year(s). Count 1 — 10 years. Count 3 — 9 years. Counts to run consecutive. Postrelease control is part of the prison sentence for 5 years for the above felony(s) under R.C. 2967.28."
 {¶ 42} As the trial court considered R.C. 2929.11 and 2929.12, and properly applied postrelease control and imposed a sentence within the statutory range, the sentence imposed by the trial court on resentencing is not contrary to law. The trial court considered all required statutory factors, and found the prison term to be consistent with the purpose of R.C. 2929.11.
 {¶ 43} The fact that the trial court used language from now excised R.C. 2929.14(C) at sentencing does not affect the sentence. SeeState v. Keeton, Richland App. No. 2007-CA-13, 2007-Ohio-5605, at ¶ 33. This is certainly the fact when the comment was made after the sentence had already been imposed, and when the comments were within the considerations to be considered by a trial court under R.C. 2929.11. *Page 17 
 {¶ 44} The trial court properly followed the statutory guidelines before resentencing, and the sentence imposed at resentencing is within the statutory range for Smith's offense. See State v. Goggans, Delaware App. No. 07-0051, 2007-Ohio-1433. Under Kalish, the first prong is satisfied.
 {¶ 45} As the trial court's decision was not clearly and convincingly contrary to law, we next review the trial court's resentencing of Smith under the "abuse-of-discretion-standard," the second prong of the standard set forth in Kalish.
 "An abuse of discretion is `more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157 ***." Kalish at ¶ 10.
 {¶ 46} The sentencing transcript and the journal entry of the court reveals that the trial court considered the relevant statutory considerations set forth in R.C. 2929.11, 2929.12 and 2929.13 in resentencing Smith. The court inter alia considered the following: the presentence report; the sentence of Smith's codefendant, Kenneth Walker; statements of Smith's father, uncle, and aunt; Smith's statement; the emotional harm suffered by the victim of the rape charge in the case; the background and criminal record of Smith; and his conduct in prison prior to the resentencing hearing. There is nothing in the record to *Page 18 
suggest that the trial court's sentencing decision was unreasonable, arbitrary, or unconscionable.
 {¶ 47} We find Smith's argument that his constitutional rights were violated by prejudicial, judicial fact-finding to be unfounded. His sentence was not judicially increased, nor was a new statutory maximum retroactively applied, nor did it create the possibility of consecutive sentences where none existed. See State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715.
 {¶ 48} Accordingly, Smith's fifth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR
[1] We recognize that Kalish is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court of Ohio split over whether we review sentences under an abuse-of discretion standard in some instances. *Page 1