[Cite as *State v. Townsend*, 2022-Ohio-4398.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                   :

    Plaintiff-Appellee,              :

                        No. 110525

    v.                                           :

ALBERT TOWNSEND,                                 :

    Defendant-Appellant.             :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** December 5, 2022

Cuyahoga County Court of Common Pleas
Case No. CR-17-614508-A
Application for Reopening
Motion No. 556467

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Melissa Riley, Assistant Prosecuting Attorney, *for appellee*.

Albert Townsend, pro se.

LISA B. FORBES, J.:

{¶ 1} Albert Townsend, acting pro se, filed a timely App.R. 26(B) application for reopening, attempting to reopen the appellate judgment rendered on May 10, 2022, in *State v. Townsend*, 8th Dist. Cuyahoga No. 110525, 2022-Ohio-

692 ("*Townsend II*"). For the reasons explained in this opinion, we decline to reopen Townsend's appeal.

## I. Procedural History

{¶ 2} In *State v. Townsend*, 8th Dist. Cuyahoga No. 107186, 2019-Ohio-1134 ("*Townsend* I"), this court affirmed Townsend's convictions for rape, kidnapping with sexual motivation specifications, complicity to commit rape, attempted rape, and gross sexual imposition, but vacated the sexually violent predator specifications on Counts 1 (rape), 2 (rape), 3 (complicity), 7 (kidnapping), 9 (rape), 10 (rape), 11 (attempted rape), and 12 (kidnapping) and remanded for resentencing.

{¶ 3} On August 10, 2020, the trial court resentenced Townsend. A timely appeal was filed with this court. In *Townsend II*, this court affirmed the trial court's resentencing, but remanded the matter for the limited purpose of requiring the trial court to reflect its findings supporting the imposition of consecutive sentences in its resentencing journal entry. On June 2, 2022, Townsend filed a timely App.R. 26(B) application for reopening.

## II. Standard of Review Applicable to App.R. 26(B) Application for Reopening

{¶ 4} An application for reopening shall be granted if there exists a genuine issue as to whether an applicant was deprived of the effective assistance of appellate counsel. *See* App.R. 26(B)(5). To establish a claim of ineffective assistance of appellate counsel, Townsend is required to establish that the performance of his appellate counsel was deficient, and the deficiency resulted in prejudice. *See*

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768 (1990).

{¶ 5} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it "is all too tempting for a defendant to second-guess counsel's assistance after conviction" and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. *Id.* at 689. Thus, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

{¶ 6} Moreover, to demonstrate that the deficient conduct resulted in prejudice, the petitioner must show that but for the deficient conduct, there exists a reasonable probability that the results of their appeal would have been different. *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-5504, ¶ 5. Reasonable probability in the context of an application for reopening is defined as a "probability sufficient to undermine confidence in the outcome" of the appeal. *Id.*

## III. Proposed Assignments of Error in General

### A. Failure to Argue Proposed Assignments of Error

{¶ 7} Townsend raises 26 proposed assignments of error in support of his application for reopening. Initially, we find that through his 26 proposed

assignments of error, Townsend has failed to present any viable argument that establishes appellate counsel's performance was deficient and has failed to establish that he was prejudiced. *State v. Gaughan*, 8th Dist. Cuyahoga No. 90523, 2009-Ohio-2702; *see also State v. Littlejohn*, 8th Dist. Cuyahoga No. 95380, 2012-Ohio-1064; *State v. Warner*, 8th Dist. Cuyahoga No. 95750, 2012-Ohio-256; *State v. Freeman*, 8th Dist. Cuyahoga No. 95511, 2011-Ohio-5151; *State v. Price*, 8th Dist. Cuyahoga No. 90308, 2009-Ohio-3503. Merely reciting assignments of error, without demonstrating prejudice and presenting legal argument and analysis, is not sufficient to support an App.R. 26(B) application for reopening. *Gaughan*.

## B. Collateral Attack on Original Appellate Opinion

{¶ 8} In addition, 23 of the 26 proposed assignments of error raised in support of the application for reopening are barred from consideration in the present application for reopening because they constitute a collateral attack on the appellate decision that affirmed Townsend's convictions in *Townsend I*.

> The law of the case doctrine now bars [applicants] other arguments. This "doctrine provides that the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 Ohio B. 1, 462 N.E.2d 410. * * *

> In the present case, when this court affirmed the convictions in the First Appeal, the propriety of those convictions became the law of the case, and subsequent arguments seeking to overturn them became barred. Thus, in the Second Appeal, only arguments relating to the resentencing were proper.

*State v. Harrison*, 8th Dist. Cuyahoga No. 88957, 2008-Ohio-921, ¶ 8-9.

{¶ 9} In *State v. Dowell*, 8th Dist. Cuyahoga No. 88864, 2008-Ohio-3447, this court reiterated the reasoning espoused in *Harrison* and held:

> Similarly, in this action, only assignments of error which challenge [applicant's] resentencing would be appropriate for consideration of an application for reopening filed after *Dowell II*. Yet, [applicant's] proposed assignment of error challenges his conviction. Clearly, the proposed assignment of error exceeds the scope of what could have been considered on the merits in *Dowell II*. As a consequence, we must conclude that [applicant] has not met his burden to demonstrate: that his counsel in *Dowell II* was deficient; and that [applicant] was prejudiced by the absence of the proposed assignment of error.

*Id.* at ¶ 8.

{¶ 10} Here, the appeal subject to the application for reopening solely concerned the resentencing affirmed in *Townsend II*. Twenty-three of Townsend's proposed assignments of error, specifically proposed assignments of error Nos. 2 through 13 and Nos. 15 through 25, challenge *Townsend I*, the direct appeal that originally affirmed his conviction for the offenses of rape, kidnapping, complicity to commit rape, attempted rape, and gross sexual imposition. Thus, we are barred by the doctrine of the law-of-the-case from addressing proposed assignments of error Nos. 2 through 13 and Nos. 15 through 25. Townsend has failed to establish the claim of ineffective assistance of appellate counsel as it relates to those proposed assignments of error. *See State v. Bolton*, 8th Dist. Cuyahoga No. 103628, 2017-Ohio-7062.

## IV. Proposed Assignments of Error 1, 14, and 26

{¶ 11} We next address Townsend's 1st, 14th, and 26th assignments of error despite his failure to support them with legal authority in his application for reopening.

### A. Proposed Assignment of Error 1

{¶ 12} Townsend's 1st proposed assignment of error is:

Ineffective assistance of appellate counsel failure for raising errors which he did not support argument the proper method through the existence supported by transcript nos.

{¶ 13} Townsend apparently argues that appellate counsel failed to reference the transcript and cite to authorities when arguing an assignment of error addressed in *Townsend II*, as mandated by App.R. 16(A)(7). A review of the appellate brief, filed by counsel in *Townsend II*, demonstrates that the sole assignment of error dealt with the allegation that the trial court improperly imposed consecutive sentences following remand. Appellate counsel's brief referenced the transcript and also supported the assignment of error with pertinent citations to case law, statutes, and other authorities as required by App.R. 16(A)(7). Compare *State v. Halfhill*, 4th Dist. Gallia No. 21CA4, 2022-Ohio-3242 (providing that App.R. 16(A)(7) requires an appellant to include in his or her brief, under the headings and in the order indicated, an argument stating its contentions in support of each assignment of error and the reasons in support of the contentions, along with citations to authorities, statutes, and parts of the record on which the appellant relies); *State v. Caver*, 8th Dist. Cuyahoga Nos. 90945 and 90946, 2008-Ohio-6155.

Townsend has failed to demonstrate that his appellate counsel's performance was deficient or that he was prejudiced through the conduct of his appellate counsel on appeal.

### B. Proposed Assignments of Error 14 and 26

{¶ 14} Having a common basis in law and fact, we shall simultaneously consider Townsend's 14th and 26th proposed assignments of error. Townsend's 14th proposed assignment of error is:

> Ineffective assistance of appellate counsel * * * for giving erroneous legal advice for appellant to waive his right to allocution statement when appellant stated on the record he waived it because of advisement of counsel. *See* Lafer v. Cooper 566 U.S. 156 NO-10-209.

{¶ 15} Townsend's 26th proposed assignment of error is:

> Ineffective assistance of resentencing counsel * * * for giving erroneous legal advice for defendant-appellant to his right to allocution statement when appellant stated on the record he waived his allocution statement by advice of counsel.

{¶ 16} Townsend, through his 14th and 26th proposed assignments of error, argues that his appellate counsel failed to raise on appeal the issue of "erroneous legal advice" provided by trial counsel with regard to the right of allocution during resentencing. However, upon review we find that Townsend was provided with the right to allocution.

> A defendant has a right to remain silent at sentencing even after a guilty plea, and a court cannot use that silence at sentencing or at trial against him. *Mitchell v. United States*, 526 U.S. 314, 321, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999). Penalizing a defendant for exercising their constitutional rights is unconstitutional. *North Carolina v. Pearce*, 395 U.S. 711, 724, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In affirming a defendant's right to remain silent, the Supreme Court in *Mitchell* noted that "[w]hether silence bears upon the determination of a lack of

remorse, or upon acceptance of responsibility [for sentencing purposes] is a separate question." *Mitchell* at 330. Likewise, Ohio courts have consistently held that a defendant's silence at sentencing may not be used against him in fashioning a sentence. *State v. Hodges*, 8th Dist. Cuyahoga No. 101145, 2014-Ohio-4690, ¶ 11, citing *State v. Betts*, 8th Dist. Cuyahoga No. 88607, 2007-Ohio-5533, ¶ 29.

*State v. Brunson*, 8th Dist. Cuyahoga No. 107683, 2020-Ohio-5078, ¶ 73.

{¶ 17} Townsend possessed the constitutional right to remain silent during sentencing. We see no possible prejudice that resulted from Townsend following the advice of his trial counsel to remain silent during sentencing. Finally, Townsend has failed to demonstrate with citations to the transcript of his resentencing hearing that his silence was used against him, and our independent review of the transcript does not support a claim of prejudice as a result of Townsend's silence. Thus, we find that Townsend has failed to establish any appellate deficiency through his 14th and 26th proposed assignments of error.

## V. Procedural Defect — Application Exceeds Page Limitation

{¶ 18} In addition, Townsend's application for reopening is procedurally defective because it exceeds the ten-page limitation established by App.R. 26(B)(4). Townsend's application for reopening consists of 16 pages, which does not include his sworn affidavit and various exhibits. Exceeding the ten-page limitation of App.R. 26(B)(4) constitutes a valid basis for the denial of Townsend's application for reopening. *State v. Murawski*, 8th Dist. Cuyahoga No. 70854, 2002-Ohio-3631; *State v. Caldwell*, 8th Dist. Cuyahoga No. 44360, 2002-Ohio-2751; *State v. Graham*, 8th Dist. Cuyahoga No. 33350, 1975 Ohio App. LEXIS 6710 (June 12, 1975), *reopening disallowed* (July 21, 1994), Motion No. 252743; *State v. Schmidt*

8th Dist. Cuyahoga No. 57738, 1991 Ohio App. LEXIS 5787 (Dec. 5, 1991), *reopening disallowed* (Aug. 10, 1994), Motion No. 142174; and *State v. Peeples* 8th Dist. Cuyahoga No. 54708, 1988 Ohio App. LEXIS 5294 (Dec. 22, 1988), *reopening disallowed* (Aug. 24, 1994), Motion No. 254080, *aff'd*, 71 Ohio St.3d 349, 643 N.E.2d 1112 (1994).

{¶ 19} For the foregoing reasons, Townsend's application for reopening is denied.

_____

LISA B. FORBES, JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN T. GALLAGHER, J., CONCUR